T.C. Summary Opinion 2012-31

UNITED STATES TAX COURT

GRACIELA HELGUERO-BALCELLS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7968-09S.                    Filed April 9, 2012.

Graciela Helguero-Balcells, pro se.

Timothy L. Smith, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge: This case was heard pursuant to the

provisions of section 7463.[1] Pursuant to section 7463(b), the decision to be entered

_____

[1]Section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period. Rule references are to the Tax Court Rules of

(continued...)

is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 9, 2009 (notice), respondent determined a $2,992 deficiency in petitioner's 2006 Federal income tax. The issue for decision is whether petitioner is entitled to a deduction for unreimbursed employee business expenses in excess of the amount allowed by respondent.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

Petitioner holds a number of advanced educational degrees, including a Ph.D. in global and international education from Lynn University in Boca Raton, Florida (Lynn), awarded in 2008, and a Ph.D. in Spanish literature from the University of Leon in Spain, awarded in 2007.

During 2006 petitioner was employed by Lynn as an assistant professor and served as the chairperson of Lynn's language department.

At the time, Lynn's reimbursement policy for employee business-related expenses, including travel expenses, required preapproval from one of Lynn's vice

---

[1](...continued)
Practice and Procedure.

presidents authorized to determine whether projected business-related expenses would be reimbursed. For business-related travel expenses, Lynn required its professors to request approval three weeks in advance of domestic trips and four weeks in advance of foreign trips.

For the most part, the deductions here in dispute arise from expenses incurred in connection with several trips petitioner made for various purposes, including: (1) to attend conferences related to her employment as an assistant professor at Lynn, and (2) to pursue one or the other of her Ph.D. degrees. Some of the details of the trips are summarized in the following paragraphs.

Madrid, Spain

Petitioner traveled to Madrid on March 1, 2006, and remained in Spain until she returned to the United States on March 12, 2006. During her trip, and in furtherance of one of her Ph.D. degrees, petitioner attended a symposium on the Bologna Agreement of the European Union. Neither the duration of the symposium nor the time petitioner spent at the program have been established.

On June 11, 2006, petitioner traveled to Madrid and remained in Spain until she returned to the United States on August 11, 2006. During this trip she presented two papers related to one of her doctoral dissertations at a conference for the American Association of Teachers of Spanish and Portuguese; she also

served as a chaperon to two Lynn students who were then studying in Spain. The record does not disclose the duration of the conference or exactly how much time she spent in the presentation of her papers.

Petitioner was not entitled to reimbursement from Lynn for the expenses attributable to either of these trips.

Tampa, Florida

On March 13, 2006, petitioner traveled to Tampa, Florida, where she remained until she returned home on March 18, 2006. During this trip petitioner made a presentation at a conference for the Teachers of English as a Second Language.

In accordance with Lynn's employee business expense reimbursement policy, petitioner requested but was denied reimbursement from Lynn for this trip.

Chicago, Illinois

On unknown dates and for an unknown duration during 2006, petitioner attended a conference in Chicago, Illinois, hosted by the National Association of Bilingual Education. The conference focused on the development of new techniques for teaching English as a second language. Petitioner did not seek approval or reimbursement from Lynn for expenses incurred during this trip.

Rome, Italy

On November 28, 2006, petitioner traveled to Rome, Italy, where she remained until she returned to the United States on December 3, 2006. The purpose of petitioner's trip was to attend a forum on education, culture, language, and literature.

In accordance with Lynn's employee business expense reimbursement policy, more than four weeks in advance of this trip petitioner requested approval for and reimbursement of anticipated expenses, but her request was denied.

Montreal, Canada

On May 20, 2006, petitioner traveled to Montreal, Canada, to attend a conference hosted by the National Association of International Education. She returned to the United States on May 26, 2006. During this trip petitioner did research related to one of her dissertations; she also represented Lynn at a recruitment booth at the conference. Petitioner did not submit a request for reimbursement to Lynn for expenses incurred during this trip.

Nashville, Tennessee

On November 13, 2006, petitioner traveled to Nashville, Tennessee, to attend a conference hosted by the American Council of Teachers of Foreign Languages. She returned home on November 19, 2006. In accordance with

Lynn's employee business expense reimbursement policy, petitioner requested but was denied reimbursement from Lynn for this trip.

Petitioner's employment as an assistant professor with Lynn terminated at some point during 2007 or 2008.  By that time, her relationship with Lynn was less than cordial.  Frustrated with the situation, and believing herself to be a victim of ethnic discrimination, she intentionally destroyed or discarded many documents relating to her association with Lynn, including receipts or other materials showing employee business expenses she incurred while employed there.

Petitioner's 2006 Federal Income Tax Return

Petitioner's timely filed 2006 Federal income tax return includes a Schedule A, Itemized Deductions.  Among the deductions claimed on the Schedule A are miscellaneous itemized deductions that after the application of section 67(a) total $19,923 for education-related expenses, publications, job search expenses, teaching materials, cell phone charges, meals, tax preparation fees, and professional association fees.

In the notice respondent disallowed all of the miscellaneous itemized deductions claimed on the Schedule A.  According to the notice, petitioner "did not establish that the business expense was paid or incurred during the taxable year and that the expense was ordinary and necessary to" her business.

Respondent now concedes that petitioner is entitled to a miscellaneous itemized deduction that includes all or portions of some of the above-listed expenses.[2]

Discussion

We begin our discussion with a summary of some fundamental principles of Federal income taxation applicable to the issues here in dispute.

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may

---

[2]Respondent now agrees that petitioner is entitled to a deduction for professional association fees in excess of the amount claimed on her 2006 return.

estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making.[3]  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Generally, the performance of services as an employee constitutes a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  To be ordinary the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be necessary an expense must be appropriate and helpful to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  The expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.

Ignoring exceptions not relevant here, education expenditures, including travel expenses while away from home in connection with such education, may be deducted as trade or business expenses if the education maintains or improves the skills required by a taxpayer in his or her employment or if the education meets the

---

[3]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.  We assume that petitioner did not appreciate or anticipate the consequences of her decision to discard or destroy records relating to the deductions here in dispute.

express requirements of the taxpayer's employer. Sec. 1.162-5(a)(1), (2), Income Tax Regs. The travel expenses petitioner incurred in pursuit of her Ph.D. degrees satisfy at least one of these conditions.

Section 274(d) imposes strict substantiation requirements for travel, meals, entertainment, and "listed property" expenses that supersede the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). "Listed property" includes cellular telephones (cell phones). Sec. 280F(d)(4)(A)(v).

Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (A) the amount of the expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, in addition to the recordkeeping requirements in section 274(d), the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In addition to the strict substantiation requirements of section 274(d), foreign travel expenses, if otherwise deductible, are subject to the allocation requirements of section 274(c). See sec. 1.274-4(a), Income Tax Regs. Section 274(c) generally requires the proration of foreign travel expenses between business and nonbusiness expenses.

Lastly, we note that section 262(a) disallows deductions for personal, living, or family expenses.

A. Educational Expenses

Petitioner claimed unreimbursed employee business expense deductions on her 2006 Federal income tax return for expenditures related to her trips to Madrid and Montreal in pursuit of one or the other of her Ph.D. degrees. Petitioner did not have the right to be reimbursed for these expenses under Lynn's reimbursement policy. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

Section 274(c)(1) provides that no deduction (otherwise allowable under section 162) shall be allowed for that portion of the expenses attributable to travel outside the United States which, under regulations prescribed by the Secretary, is not allocable to the taxpayer's trade or business. See also sec. 1.274-4(a), Income Tax Regs. The allocation contemplated by section 274(c)(1) and its corresponding

regulation requires that the taxpayer distinguish between time spent on business-related activities and time spent on activities not related to the taxpayer's trade or business. The provisions of section 274(c)(1) do not apply if (a) the travel outside the United States does not exceed one week, or (b) the portion of the time of such travel which is not attributable to the pursuit of the taxpayer's trade or business is less than 25% of the total time of such travel. See sec. 274(c)(2); sec. 1.274-4(b), Income Tax Regs.

Both of petitioner's trips to Madrid exceeded one week. Furthermore, petitioner has not established that she spent less than 25% of her time on activities not attributable to her trade or business during either trip. Consequently, the provisions of section 274(c) are applicable to the expenses incurred during these trips, and petitioner's failure to allocate as required by that section operates to deny her any deduction for travel expenses incurred during those trips. See sec. 1.274-4(a), (f), Income Tax Regs. Respondent's disallowances of petitioner's deductions for travel expenses related to her trips to Madrid are sustained. See sec. 274(c)(1); sec. 1.274-4(a), (f), Income Tax Regs.

Petitioner's trip to Montreal did not exceed one week. Consequently, she need not allocate between time spent on business versus nonbusiness activities. Because the expenses incurred during that trip are otherwise deductible as trade or

business expenses, she is entitled to a deduction for the expenses of the Montreal trip up to the amount substantiated.[4]

B.  Expenses Incurred To Attend Conferences

The unreimbursed employee business expense deduction here in dispute includes expenditures petitioner claims to have incurred for trips to Tampa, Chicago, Rome, and Nashville, in order to attend conferences related to her employment as an assistant professor.

A taxpayer may deduct travel and related expenses incurred to attend seminars, conferences, or continuing education courses related to the taxpayer's trade or business, see sec. 1.162-5(e)(2), Income Tax Regs., but only if the taxpayer is not entitled to reimbursement for the expenses from the taxpayer's employer, see Orvis v. Commissioner, 788 F.2d at 1408.  If an employee is entitled to reimbursement under the employer's reimbursement policy and fails or forgets to seek it, the employee is not allowed a deduction for the expenses.  See id.; Lucas v. Commissioner, 79 T.C. 1, 7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972).

---

[4]In the supplemental stipulation of facts the parties stipulated that petitioner substantiated $1,392 for travel expenses associated with her trip to Montreal.

Petitioner's trips to Tampa, Chicago, Rome, and Nashville were related to her trade or business as an employee of Lynn, a point not disputed by respondent. According to respondent, however, because the expenses were reimbursable by Lynn, petitioner's failure to request reimbursement in accordance with Lynn's reimbursement policy means that she is not entitled to a deduction for any travel expenses she might have incurred in connection with those trips.

Lynn's reimbursement policy required its professors to submit requests for preapproval for reimbursement for planned business-related travel three weeks before a domestic trip and four weeks before an international trip. Petitioner admitted at trial that she did not seek reimbursement for her trip to Chicago. Furthermore, she has not shown that she would have been denied reimbursement if she had made a request for reimbursement that complied with Lynn's reimbursement policy. See Podems v. Commissioner, 24 T.C. 21, 23 (1955); Spielbauer v. Commissioner, T.C. Memo. 1998-80. Accordingly, petitioner is not entitled to a deduction for expenses related to her trip to Chicago.

Petitioner appropriately requested reimbursement for her trips to Tampa, Rome, and Nashville. Lynn denied her requests. Because the travel expenses associated with these trips are otherwise deductible as trade or business expenses, see sec. 162(a); sec. 1.162-5(e)(1), Income Tax Regs., petitioner is entitled to an

unreimbursed employee business expense deduction for those expenses up to the amounts substantiated.[5]

C.  Other Unreimbursed Employee Business Expenses

The unreimbursed employee business expense deduction here in dispute also includes expenses petitioner claims to have incurred for a cell phone, publications, teaching materials, meals, and job search.  Respondent now concedes that petitioner is entitled to deductions for portions of some of these expenses, and we turn our attention to amounts that remain in dispute.

1.  Publications and Job Search Expenses

Petitioner failed to present any evidence substantiating her claimed deductions for publications and job search expenses.  Consequently, she is not entitled to deductions for these expenses in excess of the amounts now allowed by respondent.

2.  Teaching Materials

Petitioner claims that she spent $2,048 for teaching materials during 2006, which amount is included in the unreimbursed employee business expense deduction here in dispute.  Petitioner was not entitled to reimbursement from Lynn

---

[5]In the supplemental stipulation of facts the parties stipulated that petitioner substantiated $1,386, $1,472, and $1,553 for travel expenses associated with her trips to Tampa, Rome, and Nashville, respectively.

for this type of expense. Respondent now concedes that petitioner is entitled to a $498.50 deduction for teaching materials.

According to petitioner, the $2,048 includes the cost of a new computer, speakers, and basic teaching supplies, including pens and legal pads. In support of her claim, she submitted receipts from Office Depot and Chip Virtual. The receipts, however, substantiate only a fraction of the total amount she claims to have spent. Considering the evidence presented, we find that petitioner is entitled to a $620 deduction for teaching materials in addition to the amount respondent now concedes.

3. Cell Phone Service

The unreimbursed employee business expense deduction here in dispute includes $1,648 that petitioner claims to have spent for cell phone service. According to petitioner, she was required to maintain a cell phone "to be available to * * * [her] students, to faculty, and to administration." Petitioner was not reimbursed for her cell phone expense, nor was she entitled to reimbursement.

As previously noted, cell phones are included in the definition of "listed property" and are subject to the strict substantiation requirements of section 274(d). Sec. 280F(d)(4)(A)(v).

Petitioner failed to present adequate records or other sufficient evidence substantiating her claimed cell phone expenses. Accordingly, petitioner is not entitled to a deduction for this expense.

4. Meals

A portion of the unreimbursed employee business expense deduction here in dispute apparently includes amounts petitioner claims to have spent for meals, although the specific amount included in the deduction cannot be determined from her return or other evidence in the record.

In support of her claim, petitioner submitted receipts that show the names and locations of restaurants, amounts spent, and dates. As noted, expenses for meals are subject to the strict substantiation requirements of section 274 and its corresponding regulation. The mere fact that the cost of a meal has been substantiated by adequate records, however, does not make the expense deductible. The expense must be otherwise deductible under some provision of the Internal Revenue Code.

According to petitioner, the meals allowed for opportunities to meet with publishers, a colleague, and a study abroad representative, none specifically identified by name. Petitioner's generalized testimony on the circumstances surrounding the various meals, however, fails to establish that any of the related

expenses were other than personal.  See sec. 262(a).  Accordingly, petitioner is not entitled to a deduction for the costs of the meals evidenced by the receipts included in the record.

To reflect the foregoing,

Decision will be entered

under Rule 155.