**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-91

UNITED STATES TAX COURT

J. DAVID MONSALVE AND RUTH MONSALVE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19325-12S.                    Filed September 11, 2014.

J. David Monsalve and Ruth Monsalve, pro sese.

Tracey B. Leibowitz, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge: This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the year in issue.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated May 7, 2012, respondent determined a $3,697 deficiency in petitioners' 2009 Federal income tax. The issue for decision is whether petitioners are entitled to a deduction for unreimbursed employee business expenses, and if so, in what amount.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Florida.

Mr. Monsalve (petitioner) has been employed as a pastor for the Conference of Seventh-Day Adventists since 1986; during 2009 he was employed by the Central California Conference of Seventh-Day Adventists (Conference), serving as a senior pastor for at least two congregations.

Petitioner's pastoral duties required him to visit and travel to, among other places, hospitals, funerals, Bible study sessions, and homes belonging to members of his congregations (pastoral duties). In addition to his pastoral duties, he was also required to attend Conference meetings at the Conference's headquarters in Clovis, California, and once a year he was required to attend a Conference meeting at a camp in Soquel, California.

Petitioner used his privately/personally owned automobile in connection with employment-related travel. The Conference's travel reimbursement policy provided reimbursement to Conference employees for "necessary and reasonable travel expenses incurred for properly authorized conference business". In accordance with the Conference's travel reimbursement policy, petitioner was entitled to reimbursement for employment-related travel upon the submission of monthly travel and expense reports, which he submitted as required.

Petitioner's monthly travel and expense reports bifurcate his employment-related mileage into travel related to: (1) his pastoral duties other than related to Conference meetings (routine travel); and (2) travel related to Conference meetings (Conference travel). Petitioner's travel and expense reports show: (1) 21,487 miles for routine travel and (2) 9,751 miles for Conference travel. The Conference reimbursed petitioner for all mileage related to Conference travel but did not reimburse him for routine travel.

During 2009 petitioner paid for meals, entertainment, gifts, and aid to members of his congregation and visitors from foreign countries. He also made gifts to leaders of other ministries. Some of the items petitioner purchased as gifts and aid include clothing, decorations, beauty products, and cleaning supplies. The Conference did not reimburse petitioner for any of those expenses.

Petitioners' timely filed joint 2009 Federal income tax return was prepared by a paid Federal income tax return preparer and includes a Schedule A, Itemized Deductions, and a Form 2106-EZ, Unreimbursed Employee Business Expenses. As relevant here, on the Schedule A petitioners claimed a $30,623 unreimbursed employee business expense deduction relating to petitioner's employment with the Conference. Petitioners calculated petitioner's unreimbursed employee business expenses on the attached Form 2106-EZ. On that Form petitioners reported that petitioner paid vehicle expenses of $16,024 and meals, entertainment, gifts, and aid expenses of $14,599.

In the notice respondent disallowed the miscellaneous itemized deduction for unreimbursed employee business expenses. According to the notice, petitioners "did not establish that the business expense * * * was paid or incurred during the taxable year and that the expense was ordinary and necessary to" petitioner's business.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner,

292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses, unless reimbursed by his or her employer. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v. Commissioner, T.C. Memo. 1998-80. An employee business expense is not deductible as "ordinary and necessary" if the employee is entitled to

reimbursement from his or her employer.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

Vehicle Expenses

If otherwise deductible, section 274(d) imposes strict substantiation requirements for deductions for travel, meals, entertainment, gifts, and "listed property" (including passenger automobiles) expenses.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Under section 274(d), the taxpayer generally must substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (A) the amount of the expense; (B) the time and place the expense was incurred; (C) the business purpose of the expense; and (D) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.  For "listed property" expenses, in addition to the recordkeeping requirements in section 274(d), the taxpayer must establish the amount of business use and the amount of total use for the property.  See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners computed the $16,024 deduction for vehicle expenses by applying the applicable standard mileage rate of 55 cents per mile to 29,134

business miles petitioner claims to have driven for routine travel.[2] However, the entries in petitioner's travel and expense reports total only 21,487 miles for routine travel, and there is no explanation in the record for the 7,647-mile discrepancy (excess mileage).[3]

According to respondent, petitioners are not entitled to a deduction for routine travel expenses because those expenses were reimbursable by his employer. Respondent further argues that petitioners have failed to adequately substantiate the excess mileage.[4]

According to petitioner, the disallowed mileage deduction is attributable to mileage incurred on behalf of the Conference, as recorded in the travel and expense reports he submitted to the Conference. Petitioner further states that the Conference would not reimburse him for any mileage expense incurred for routine

---

[2]The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 55 cents per mile for 2009 is set forth in Rev. Proc. 2008-72, sec. 2.01, 2008-2 C.B. (Vol. 2) 1286, 1286.

[3]Petitioners did not claim a deduction for mileage related to petitioner's Conference travel; petitioner was reimbursed by the Conference for that travel.

[4]Petitioner's monthly travel and expense reports satisfy the requirements of sec. 274 with respect to a deduction for the mileage shown on those reports; otherwise petitioners have not submitted adequate substantiation for the excess mileage.

travel because the Conference did not "have enough money" in the budget to reimburse any travel expenses other than mileage related to Conference travel.

The Conference's travel reimbursement policy states that employees are entitled to reimbursement for "necessary and reasonable travel expenses incurred for properly authorized conference business". On its face, the travel reimbursement policy suggests that petitioner is entitled to reimbursement for all of his business-related travel, including mileage incurred for routine travel. Nonetheless, petitioner submitted monthly travel and expense reports that included the mileage for routine travel and the Conference did not reimburse him for those miles. Had petitioner been entitled to reimbursement for routine travel, we assume that he would have actually been reimbursed by the Conference in the same manner in which he was reimbursed for mileage incurred for Conference meetings.

Taking into account petitioner's credible testimony on the point, his duties as the pastor of at least two congregations, and the purposes for the travel, and after reviewing petitioner's travel and expense reports, we find that petitioners have established that petitioner traveled 21,487 miles for routine travel and they are entitled to a deduction for those miles as unreimbursed employee business expenses.

Meals and Entertainment, Gifts, and Aid Expenses

The unreimbursed employee business expense deduction here in dispute includes $14,599 petitioner paid for meals, entertainment, gifts, and aid for others.

According to respondent, petitioners have not shown that these expenses were "ordinary and necessary" to petitioner's business as a Conference employee; that being so, according to respondent, the expenses are not deductible. We agree with respondent.

At trial petitioner acknowledged that the Conference did not: (1) require him to incur these expenses or (2) consider them reimbursable employee business expenses.

Petitioner might very well have felt an obligation to entertain members of his congregation and to provide gifts and aid to both members of his congregation and others, but it is clear that he was not required to incur the expenses for doing so as a condition of his employment. Nor have petitioners established that the aforementioned expenses were otherwise ordinary and necessary expenses of petitioner's business as a Conference employee. Accordingly, petitioners are not entitled to include $14,599 for meals, entertainment, gifts, and aid in their allowable unreimbursed employee business expense deduction.

To reflect the foregoing,

Decision will be entered

under Rule 155.