T.C. Summary Opinion 2017-32

UNITED STATES TAX COURT

JAGTAR SINGH KHINDA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23584-14S.                               Filed May 11, 2017.

Jagtar Singh Khinda, pro se.

<u>Marissa J. Savit</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated August 7, 2014 (notice), respondent determined deficiencies in, and penalties with respect to, petitioner's Federal income tax for 2011 and 2012 as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2011 | $8,219 | $1,643.80 |
| 2012 | 10,936 | 2,187.20 |

Respondent's answer has been amended to assert increased deficiencies and section 6662(a) penalties for the years in issue.

The issues for decision arising from the notice and the amendments to answer are whether petitioner: (1) is entitled to deductions claimed on Schedules A, Itemized Deductions; (2) is entitled to various deductions claimed on Schedules C, Profit or Loss From Business; (3) is entitled to deductions for student loan interest for 2011 and 2012; (4) is entitled to a tuition and fees deduction for 2012; (5) is entitled to education credits under section 25A for 2011; (6) must include in his 2012 income a State income tax refund he received that year; (7) is entitled to a

---

[1](...continued)
Code (Code) of 1986, as amended, in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

nonbusiness energy credit for 2012; and (8) is liable for a section 6662(a) accuracy-related penalty for either year in issue. Additionally, we are called upon to determine whether petitioner's proper filing status is single or married filing separate.[2]

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in New York.

### I. Petitioner's Marital Status and Employment History

Petitioner and Patricia O'Sullivan[3] married in 1979. They have four children: Maryanne, Elizabeth, John, and Andrew. None of their children are disabled, and all were more than 25 years old as of the close of 2011.

Petitioner's marital status as of the close of each year in issue is less than clear. Consequently, we make no finding on the point. Regardless, petitioner resided with Ms. O'Sullivan in a two-bedroom apartment in New York, N.Y. (apartment 4G) during both years in issue. John resided in apartment 4G as well.

---

[2]Petitioner claimed head of household filing status on his 2011 and 2012 Federal income tax returns. Petitioner now concedes that he is not entitled to head of household filing status for either year in issue.

[3]Patricia O'Sullivan is sometimes referred to as Patricia Khinda in the record.

Ms. O'Sullivan purchased apartment 4G in 1993. Petitioner is not, and has never been a record owner of that property.

During the years in issue petitioner, a licensed engineer in the State of New York, was employed full time as a civil structural engineer for the New York City Department of Transportation (NYCDOT); at the same time he performed services as a civil structural engineer on an independent contractor basis (consulting business) for ModuTank, Inc. (ModuTank).

Petitioner began employment with NYCDOT around August 3, 1998. From the time he started working there he was assigned to the Division of Bridges. Within that division petitioner worked specifically for the East River/Movable Bridges Bureau as a seismic expert/seismic projects engineer. His duties included, among other things: preparing requests for proposals and reviewing reports for seismic evaluation and retrofit of 4 East River bridges and 25 movable bridges; reviewing and resolving comments associated with various versions of the NYCDOT seismic design criteria guidelines; reviewing plans, specifications and estimate packages; providing advice to technical problems; and staying up to date on the latest practice techniques and advances in his field. His office was in the financial district of New York City.

Apparently, with permission from the NYCDOT petitioner attended lectures, seminars, and conferences related to his profession. As relevant here, NYCDOT's reimbursement policy allowed reimbursement for telephone expenses related to "calls placed only for official business" and "travel expenditures associated with local or out of town transportation, carfare or tolls and mileage when using own vehicle". This reimbursement policy apparently was in effect only if reimbursement funds were available. According to a March 18, 2014, letter from the NYCDOT, "Mr. Khinda did request permission and reimbursement to go to various lectures, seminars and conferences in 2011 and 2012 from his Deputy Chief Engineer--in charge, but due to budget constraints at the department, he was not reimbursed for any of the expenses for these activities and he paid all the expenses from his own pocket."

As noted, in addition to his employment with NYCDOT petitioner also provided structural engineering consulting services to ModuTank during the years in issue. No onsite testing or travel was required to provide these services, and all work, including the composition of handwritten reports, was performed from a

two-bedroom, one-bathroom apartment in New York, N.Y. (apartment 3B), owned jointly by petitioner and Ms. O'Sullivan.[4]

## II. American Society of Civil Engineers

Petitioner was a member of the American Society of Civil Engineers (ASCE) during the years in issue. As such, and without compensation, he lectured and conducted seminars to train "young engineers". Petitioner used his personal automobile in connection with his travel to the ASCE lectures and seminars.

## III. Records and Schedules

In preparation for trial petitioner prepared spreadsheets for each year in issue that categorize expenses shown on receipts, checks, and credit card account statements. Each entry on the spreadsheets includes only the category of expense and an amount. Handwritten notations accompanying the spreadsheets, receipts, and credit card account statements attempt to tie each expenditure to a deduction claimed on petitioner's 2011 or 2012 Federal income tax return.

Petitioner also maintained a mileage log that contains a single entry for 2011 and a single entry for 2012. The entries show a beginning and ending odometer reading for each year, as well as the total miles driven. Notably, the

---

[4]Apartment 4G and apartment 3B are in the same vicinity, if not the same apartment complex.

mileage log does not identify a beginning or ending destination, nor does it identify whether he was traveling on behalf of his employment with the NYCDOT or his consulting business or ASCE or for personal use. Petitioner also compiled a noncontemporaneous one-page document titled "Miles driven--Monthly/every 4 weeks", approximating that he drove 300 miles a week. Although that document does not identify any dates, we presume that he intended the document to be an estimate of miles driven each week during each year in issue.

According to two Forms 1098, Mortgage Interest Statement, petitioner paid mortgage interest of $1,844.21 and $204.97 to two mortgagees during 2011 with respect to apartment 3B.

IV. Petitioner's Tax Returns

Petitioner claimed head of household filing status on his 2011 and 2012 Federal income tax returns; as noted, he now concedes that he does not qualify as a head of household for either year.

A. Petitioner's 2011 Tax Return

The $67,974 adjusted gross income reported on petitioner's 2011 self-prepared Federal income tax return takes into account his $61,066 of wages from NYCDOT, a loss from his consulting business, a deduction of $210 for student loan interest, and other items that are not here in dispute.

Petitioner's 2011 return includes a Schedule A on which petitioner claimed various deductions including, as relevant here, real estate taxes of $3,709, home mortgage interest of $2,049, and miscellaneous expenses of $23,930 (before the application of the 2% limitation prescribed in section 67(a)) that consist almost entirely of unreimbursed employee business expenses.

A Form 2106-EZ, Unreimbursed Employee Business Expenses, included with petitioner's 2011 return shows the detail of the deduction for unreimbursed employee business expenses as follows: (1) vehicle expenses of $5,858; (2) parking fees and tolls of $6,129; (3) travel expenses while away from home of $532; and (4) other business expenses of $11,111.

Petitioner's 2011 return also includes a Schedule C on which the income and expenses attributable to his consulting business are shown as follows:

| | |
|---|---|
| Income | |
| Gross receipts or sales | $11,500 |
| Gross income | 11,500 |
| Expenses | |
| Car and truck | 2,725 |
| Office | 3,694 |
| Rent or lease of other business property | 13,472 |
| Travel | 2,560 |
| Meals and entertainment | 2,138 |
| Utilities | 4,931 |

|                    |          |
|--------------------|----------|
| Other[1]           | 1,600    |
| Total              | 31,120   |
|                    |          |
| Net profit (loss)  | (19,620) |

[1]The deduction for "other expenses" includes the cost of "photo processing, publications, [and] printing copies", however, petitioner's return does not identify a specific amount for each expense.

Also included with petitioner's 2011 return is a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits) (AOTC). On the Form 8863 petitioner claimed an AOTC of $2,191 ($876 of which he treated as refundable and the balance, $1,315, as nonrefundable). According to the form, the credit is attributable to John's education expenses.

B. Petitioner's 2012 Tax Return

The $54,180 adjusted gross income shown on petitioner's 2012 self-prepared Federal income tax return includes his $62,384 of wages from NYCDOT, a loss from his consulting business, a $331 deduction for student loan interest, a $3,500 deduction for tuition and fees, and other items that are not here in dispute.

Petitioner's 2012 return includes a Schedule A on which petitioner claimed various deductions including, as relevant here, real estate taxes of $3,770, home mortgage interest of $1,947, and miscellaneous expenses of $21,486 (before the application of the 2% limitation prescribed in section 67(a)). The miscellaneous

expense deduction includes unreimbursed employee business expenses of $21,486.

A Form 2106-EZ included with petitioner's 2012 return shows the detail of the deduction for unreimbursed employee business expenses as follows: (1) vehicle expenses of $6,105; (2) parking fees and tolls of $5,392; (3) travel expenses while away from home of $1,793; and (4) other business expenses of $6,574. Also included in the computation of petitioner's unreimbursed employee business expenses is union and professional dues of $1,622, which is shown on an additional statement attached to petitioner's 2012 return.

Petitioner's 2012 return also includes a Schedule C on which the income and expenses attributable to his consulting business are shown as follows:

| | |
|---|---|
| Income | |
| Gross receipts or sales | $2,500 |
| Gross income | 2,500 |
| Expenses | |
| Car and truck | 2,810 |
| Office | 2,818 |
| Rent or lease of other business property | 14,825 |
| Travel | 2,244 |
| Meals and entertainment | 4,645 |
| Utilities | 4,407 |

|  |  |
|---|---|
| Other[1] | 1,600 |
| Total | 33,349 |
| | |
| Net profit (loss) | (30,849) |

[1]The deduction for "other expenses" includes the cost of "photo processing, publications, [and] printing copies", however, petitioner's return does not identify a specific amount for each expense.

Also included with petitioner's 2012 return is a Form 5695, Residential Energy Credits, on which he claimed a $160 nonbusiness energy property credit attributable to apartment 3B.

For 2011 petitioner claimed a $5,506 deduction for State income taxes paid to New York State. In 2012, as reflected on a Form 1099-G, Certain Government Payments, petitioner received a State income tax refund of $4,652 from the State of New York for the 2011 tax year, and this amount was not reported on his 2012 return.

V. Notice of Deficiency

In the notice and as relevant here, respondent: (1) disallowed $17,548 of the $23,630 deduction claimed for unreimbursed employee business expenses on the 2011 Schedule A;[5] (2) disallowed the entire unreimbursed employee business

_____

[5]In the notice respondent allowed Schedule A unreimbursed employee business expense deductions of $2,881 for car and truck expenses, $1,635 for transit expenses, and $1,578 for cell phone expenses for 2011. The allowance for
(continued...)

expenses deduction claimed on the 2012 Schedule A; (3) disallowed in full the deductions claimed on the Schedules C for rent or lease of other business property for 2011 and 2012; (4) disallowed $2,275 of the $4,931 utilities deduction claimed on the 2011 Schedule C; (5) disallowed the entire utilities deduction claimed on the 2012 Schedule C; (6) disallowed $623 of the $2,138 meals and entertainment expense deduction claimed on the 2011 Schedule C; (7) disallowed the entire meals and entertainment expense deduction claimed on the 2012 Schedule C; (8) disallowed $1,860 of the $2,560 travel expense deduction claimed on the 2011 Schedule C; (9) disallowed the entire travel expense deduction claimed on the 2012 Schedule C; (10) disallowed in full the student loan interest deductions claimed for both years in issue; (11) disallowed the entire tuition and fees deduction claimed on petitioner's 2012 return; (12) disallowed the AOTC for 2011; (13) determined petitioner's proper filing status to be single instead of head of household for 2012; and (14) imposed a section 6662(a) accuracy-related penalty on various grounds for each year. Other adjustments made in the notice

---

[5](...continued)
car and truck expenses, transit expenses, and cell phone expenses totals $6,094. However, subtracting the amount of Schedule A unreimbursed employee business expenses disallowed in the notice, $17,548, from the amount petitioner claimed, $23,630, totals $6,082. The parties do not explain the seeming $12 discrepancy.

need not be discussed as they are computational or have no consequence to the deficiencies here in dispute.

## VI. Amendments to Answer

In the amendments to answer respondent: (1) asserted an increased deficiency for 2012 attributable to petitioner's failure to include the $4,652 New York State income tax refund in his income for that year; (2) disallowed petitioner's claimed Schedule A deductions for real estate tax and home mortgage interest for 2011 and 2012; (3) disallowed the nonbusiness property energy credit petitioner claimed for 2012; (4) changed petitioner's filing status from head of household to single for 2011; and (5) increased the section 6662(a) penalty for each year accordingly.

## Discussion

As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction or credit.[6] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Respondent bears the burden of proof with respect to the

---

[6]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

increased deficiencies and section 6662(a) accuracy-related penalties asserted in the amendments to answer. See Rule 142(a)(1).

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). To be ordinary the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be necessary an expense must be appropriate and helpful to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses, unless reimbursed by his or her employer. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v.

Commissioner, T.C. Memo. 1998-80.  An employee business expense is not deductible as "ordinary and necessary" if the employee is entitled to reimbursement from his or her employer but fails to seek reimbursement.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.  On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Otherwise, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation.  See sec. 274(d); Sanford v.

Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement

specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

With these fundamental principles of Federal income taxation in mind, we consider petitioner's entitlement to the various deductions and credits here in dispute.

I. Schedule A Deductions

A. Real Estate Tax

Petitioner claimed a $3,709 deduction and a $3,770 deduction for real estate tax on Schedules A for 2011 and 2012, respectively. According to petitioner, he paid real estate tax for apartment 3B during the years in issue. Respondent does not challenge whether petitioner paid these amounts with respect to apartment 3B but contends that because petitioner now claims that apartment 3B was not his residence during the years in issue, the deduction for real estate tax should be disallowed.

Taxpayers may deduct State and local real property taxes paid or accrued within the taxable year. Sec. 164(a). There is no requirement for the real property to be the taxpayer's residence. Accordingly, petitioner is entitled to the deductions claimed for real estate tax on his 2011 and 2012 returns.

B. <u>Home Mortgage Interest</u>

Petitioner claimed a $2,049 deduction and a $1,947 deduction for home mortgage interest on Schedules A for 2011 and 2012, respectively. The deductions relate to apartment 3B. Respondent does not challenge whether petitioner paid these amounts with respect to apartment 3B but contends that because apartment 3B was not petitioner's "residence" during the years in issue the deductions should be disallowed.

Section 163(a) allows a deduction for interest paid or accrued within the taxable year on indebtedness. Taxpayers other than corporations are not allowed to deduct "personal" interest. Sec. 163(h)(1). Individuals, however, are allowed a deduction for "qualified residence interest". Sec. 163(h)(3). A qualified residence is the taxpayer's principal residence and one other residence of the taxpayer. Sec. 163(h)(4)(A).

According to petitioner, he never resided in apartment 3B. Instead, he claims that he used apartment 3B as an office for the services he provided to ModuTank. Taking petitioner at his word, we find that apartment 3B is not a qualified residence and that petitioner is not entitled to deductions claimed on his 2011 and 2012 Schedules A for home mortgage interest. <u>See</u> <u>infra</u> pp. 21-23.

C. <u>Unreimbursed Employee Business Expenses</u>

Petitioner claimed a $23,630 deduction and a $21,486 deduction for unreimbursed employee business expenses on Schedule A for 2011 and 2012, respectively. The deduction for unreimbursed employee business expenses for 2011 includes vehicle expenses of $5,858, parking fees and tolls of $6,129, travel expenses while away from home of $532, and other business expenses of $11,111. As noted <u>supra</u> note 5, in the notice respondent allowed Schedule A unreimbursed employee business expense deductions of $2,881 for car and truck expenses, $1,635 for transit expenses, and $1,578 for cell phone expenses for 2011. The deduction for unreimbursed employee business expenses for 2012 includes vehicle expenses of $6,105, parking fees and tolls of $5,392, travel expenses while away from home of $1,793, and other business expenses of $6,574.

In support of the above-referenced deductions, petitioner submitted spreadsheets, handwritten notations accompanying the spreadsheets, checks, receipts, and credit card account statements, all of which we have carefully reviewed. For the following reasons, we find that petitioner is not entitled to a deduction for unreimbursed employee business expenses for 2011 or 2012 in excess of any amount respondent has already allowed.

Petitioner described the spreadsheets he created for trial as the "best" and most "accurate" recordkeeping system for connecting an item of substantiation to a deduction claimed on his return. Suffice it to say, we do not share petitioner's view with respect to the significance and/or usefulness of his records.

As best we can tell from the spreadsheets and accompanying records, the deductions include substantial amounts for personal expenses such as Netflix, Time Warner Cable, Allstate Insurance Co., the New York Yankees, round trip plane tickets to Santo Domingo, Dominican Republic, and a subscription to the New York Times. Many of these personal expenses are recurring monthly expenses.

Deductions for other expenses were not substantiated by written evidence, or if so, the written evidence fails to meet the strict rules of substantiation requirements of section 274(d) that apply to expenses for car and truck, travel, and meals and entertainment. By way of example, petitioner provided a mileage log and a monthly estimate of the miles driven during 2011 and 2012. The mileage log and monthly estimates fail to identify a single date on which petitioner purportedly made a business trip. Moreover, neither document identifies a business purpose for the miles recorded, and petitioner acknowledged that at least some, if not much, of the miles driven did not relate to his employment with the

NYCDOT or his consulting business but rather related to the ASCE seminars and lectures.

Otherwise, with respect to certain expense deductions not subject to the strict rules of substantiation of section 274(d), petitioner has failed to establish the expenses are ordinary and necessary expenses related to his employment with the NYCDOT.

Accordingly, petitioner is not entitled to deductions for unreimbursed employee business expenses for 2011 and 2012 in excess of the amounts respondent has already allowed.

II.  Schedule C Deductions

A.  Rent or Lease of Other Business Property

Petitioner claimed a $13,472 deduction and a $14,825 deduction for rent or lease of other business property on Schedules C for 2011 and 2012, respectively. According to petitioner, the expenses relate to maintenance fees and mortgage interest paid with respect to apartment 3B.  Respondent agrees that petitioner was engaged in a consulting trade or business during each year in issue, but according to respondent, petitioner failed to substantiate the amounts claimed or establish that the expenses were ordinary and necessary trade or business expenses of that business.  As respondent views the matter, it was not "necessary" for petitioner to

incur the expenses of an office, particularly an office as large as petitioner's, given the nature of his consulting business. Furthermore, questions posed to petitioner during his cross-examination at trial suggest that respondent had a suspicion that petitioner's "office" was, in fact, his residence. Circumstances suggest that respondent's suspicion might have merit, but in the absence of any direct evidence supporting that suspicion we are reluctant to make such a finding.

Instead, we accept petitioner's claim that apartment 3B was used as his office in connection with his consulting business. Nonetheless, the checks petitioner provided to substantiate his purported maintenance fees appear instead to be principal and interest payments made to Park Terrace Manor, Inc., in respect of a mortgage relating to apartment 3B. The portion of the loan repayments attributable to principal is not deductible. See Porter v. Commissioner, T.C. Memo 2015-122. However, the portion relating to interest is deductible as a trade or business expense under section 162. Sec. 162(a); Robinson v. Commissioner, 119 T.C. 44, 48 (2002); see sec. 163(a) (allowing a deduction for "all interest paid or accrued within the taxable year on indebtedness", with certain exceptions). Accordingly, we find that petitioner is entitled to a $2,049 deduction and a $1,947 deduction for mortgage interest on Schedules C for 2011 and 2012, respectively,

but is not entitled to any additional deduction for rent or lease of other business property for either year in issue.

B.  Utilities

Petitioner claimed a $4,931 deduction and a $4,407 deduction for utilities on Schedules C for 2011 and 2012, respectively.[7]  According to respondent, petitioner has failed to substantiate the amounts claimed or establish that the expenses were ordinary and necessary trade or business expenses of his consulting business.

Petitioner testified that he incurred expenses for utilities during the years in issue but has presented no substantiating documents for the expenses.  Such expenses, if incurred, should be readily substantiated with copies of bills from the service providers or copies of checks evidencing payment of those bills.  Petitioner's generalized testimony on the point provides neither proper support for the deductions nor any basis for us to estimate the amounts of these expenses that he might have incurred during the years in issue.  See Cohan v. Commissioner, 39 F.2d at 543-544; see also Vanicek v. Commissioner, 85 T.C. at 742-743 (1985).

_____

[7]As noted, in the notice respondent disallowed $2,275 of the $4,931 deduction claimed on the Schedule C for utilities for 2011 and the entire deduction claimed on the Schedule C for utilities for 2012.

Accordingly, petitioner is not entitled to deductions for utilities in excess of any amounts respondent already allowed.

C. Meals and Entertainment

Petitioner claimed a $2,138 deduction and a $4,645 deduction for meals and entertainment expenses on Schedules C for 2011 and 2012, respectively.[8] Petitioner did not explain how these meals and entertainment expenses related to his consulting business. According to respondent, petitioner has not established that the meals and entertainment expenses satisfy the strict substantiation requirements of section 274 or shown that they were ordinary and necessary to his consulting business.

Petitioner provided copies of numerous receipts from restaurants but no evidence, such as a business purpose, see sec. 274(d), establishing that any of the expenses were other than personal. See sec. 262(a). These items were not substantiated as required by section 274(d). Accordingly, petitioner is not entitled to deductions for meals and entertainment expenses in excess of any amounts respondent already allowed.

_____

[8]As noted, in the notice respondent disallowed $623 of the $2,138 deduction claimed on the Schedule C for meals and entertainment for 2011 and the entire deduction claimed on the Schedule C for meals and entertainment for 2012.

D. Travel

Petitioner claimed a $2,560 deduction and a $2,244 deduction for travel on Schedules C for 2011 and 2012, respectively.[9]  Petitioner did not explain how these travel expenses related to his consulting business.  According to respondent, petitioner has not established that the travel expenses satisfy the strict substantiation requirements of section 274 or shown that they were ordinary and necessary to his consulting business.

Among other items, petitioner provided credit card statements evidencing monthly payments for AAA membership dues and expenses related to the New York City subway.  The substantiation provided establishes that petitioner paid the amounts claimed as travel expenses, however, petitioner provided no evidence, such as a business purpose, see sec. 274(d), establishing that any of the expenses were other than personal.  See sec. 262(a).  Moreover, petitioner was not required to, and did not, travel with respect to the consulting services provided to ModuTank.  Accordingly, petitioner is not entitled to deductions for travel expenses in excess of any amounts respondent already allowed.

---

[9]As noted, in the notice respondent disallowed $1,860 of the $2,560 deduction claimed on the Schedule C for travel for 2011 and the entire deduction claimed on the Schedule C for travel for 2012.

III.  Student Loan Interest

Petitioner claimed a $210 deduction and a $331 deduction for student loan interest on his 2011 and 2012 returns, respectively.  According to respondent, petitioner has failed to substantiate the amounts claimed for these deductions.

Section 221(a) provides:  "In the case of an individual, there shall be allowed as a deduction for the taxable year an amount equal to the interest paid by the taxpayer during the taxable year on any qualified education loan."

Neither petitioner's testimony nor any other evidence included in the record addresses the deductions for student loan interest here in dispute.  Petitioner has failed to establish he is entitled to the deduction for either year.  Accordingly, respondent's disallowances of those deductions are sustained.

IV.  Tuition and Fees

Petitioner claimed a $3,500 deduction for tuition and fees on his 2012 return.  According to respondent, in addition to other reasons that support the disallowance of the deduction, petitioner failed to substantiate the amount claimed.

Section 222(a) allows a taxpayer to deduct "qualified tuition and related expenses" paid during the taxable year.  "Qualified tuition and related expenses"

includes tuition and fees paid by a taxpayer on behalf of a dependent. <u>See</u> secs. 25A(f)(1)(A)(iii), 222(d)(1).

Petitioner's evidence includes receipts showing payments of approximately $1,500 in tuition and related fees paid with respect to his son, John's, attendance at HB Studio. Although less than clear, it appears that John enrolled in several classes at HB Studio called "Groom Acting with the Camera". The tuition and related fees were paid using a MasterCard credit card, however, the holder of the MasterCard credit card account is not identified. Petitioner did not provide a MasterCard credit card statement showing that the account was his or that he paid the relevant charges. Petitioner has not established that he paid the tuition and fees expenses for which he claimed a deduction. <u>See</u> sec. 6001. Accordingly, petitioner is not entitled to a deduction for tuition and fees for 2012.

V. <u>AOTC</u>

On Form 8863 attached to petitioner's 2011 return, petitioner claimed an AOTC of $2,191 related to John's education expenses. Respondent disallowed that credit for a variety of reasons, including lack of substantiation.

The AOTC is a modified version of the Hope Scholarship Credit. Sec. 25A(i). It provides for a credit for qualified tuition and related expenses paid by a taxpayer for education furnished to an eligible student. The credit is equal to "(A)

100 percent of so much of the qualified tuition and related expenses paid by the taxpayer during the taxable year * * * as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1).

Having found that petitioner failed to establish that he paid the tuition and fees expenses related to John's attendance at HB Studio, we find that petitioner is not entitled to the AOTC here in dispute.

VI. State Income Tax Refund for 2012

Petitioner deducted New York State income tax of $5,506 on his 2011 Federal income tax return. The Form 1099-G indicates that he received a $4,652 State income tax refund in 2012, which was not reported as income on that return.

As a general rule, gross income includes a refund of State income tax in the year received to the extent that the payment of such tax was claimed as a deduction in a prior taxable year which resulted in a reduction of Federal income tax. See sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92.

According to petitioner, he is not required to include the 2011 State income tax refund in his 2012 income because the deduction for State income taxes paid in 2011 did not result in a tax benefit. This is so, according to petitioner, because he was liable for the alternative minimum tax for 2011. The income tax liability

shown on petitioner's 2011 return does include the alternative minimum tax. However, it would appear that after taking into account the adjustments made in the notice for 2011 as addressed in this Summary Opinion, petitioner's liability for the alternative minimum tax will have been eliminated. Accordingly, petitioner's $4,652 State income tax refund is includable in his 2012 income.

## VII.  Nonbusiness Energy Property Credit for 2012

Petitioner claimed a $160 nonbusiness energy property credit related to apartment 3B on his 2012 return.

Section 25C provides that "[i]n the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year an amount equal to the sum of:  (1) 10 percent of the amount paid or incurred by the taxpayer for qualified energy efficiency improvements installed during such taxable year; and (2) the amount of the residential energy property expenditures paid or incurred by the taxpayer during such taxable year."  Section 25C further provides that "qualified energy efficiency improvements" and "residential energy property expenditures" must be, as relevant, "installed in or on a dwelling unit" that is "used by the taxpayer as the taxpayer's principal residence (within the meaning of section 121).  Sec. 25C(c)(1)(A), (d)(1)(A).

Although petitioner listed apartment 3B as his "main home" on Form 5695, he now claims that he never resided there. Because he never resided in apartment 3B, that property can hardly qualify as his principal residence as required by section 25C. Accordingly, he is not entitled to the nonbusiness energy property credit claimed on his 2012 return.

## VIII. Filing Status

Petitioner claimed head of household filing status on his 2011 and 2012 returns. Petitioner now concedes that he is not entitled to head of household filing status. In the notice respondent determined that petitioner was entitled to single filing status for 2012. We see no reason why petitioner's filing status should be other than single for the years in issue as respondent determined in the notice with respect to 2012.

## IX. Section 6662(a) Accuracy-Related Penalties

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty. As relevant here, section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's: (1) negligence or disregard of rules or regulations or (2) substantial

understatement of income tax.[10]  Sec. 6662(a) and (b)(1) and (2).  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of his tax returns.  Further, respondent established that petitioner failed to keep books and records to adequately substantiate his claimed deductions for both 2011 and 2012.  As a result, we find that respondent met his burden of production with respect to the negligence penalty.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith with respect to that portion.  Sec. 6664(c)(1).  The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner bears the burden of proving that he had reasonable cause and acted in

---

[10]In this case the deficiency, underpayment of tax, and understatement of tax are all computed in the same manner.  See secs. 6211, 6662(d)(2), 6664(a).

good faith with respect to the underpayment (except for the increased portions of the accuracy-related penalty raised in the amendment to answer). See Higbee v. Commissioner, 116 T.C. 438, 449 (2001). Respondent bears the burden of proof as to the increased portions of the accuracy-related penalty raised in the amendments to answer. See Rule 142(a)(1).

Petitioner has failed to produce sufficient evidence to substantiate the majority of the deductions here in dispute. Moreover, many of the deductions have been disallowed because they relate to personal rather than business expenses. Petitioner has not shown reasonable cause, substantial authority, or any other basis for treating any personal expenses as business expenses. Other adjustments, such as those relating to home mortgage interest and the nonbusiness energy credit, have been sustained as a result of petitioner's concession that apartment 3B was not a residence during the years in issue, even though petitioner clearly took an alternative position on his returns. Accordingly, respondent's imposition of a section 6662(a) accuracy-related penalty for each year in issue is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.