T.C. Memo. 1998-80


UNITED STATES TAX COURT


THOMAS J. SPIELBAUER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13903-96.          Filed February 25, 1998.


Thomas J. Spielbauer, pro se.

<u>G. Michelle Ferreira</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $6,371 deficiency in petitioner's 1992 Federal income tax, an addition to tax of $4,972 for failure to file a timely return, and an accuracy-related penalty of $1,274.

After concessions,[1] we must decide:  (1) Whether petitioner may deduct any of his unreimbursed employee expenses in 1992; (2) whether petitioner failed to timely file his Federal income tax return for the 1992 tax year; and (3) whether petitioner is liable for the accuracy-related penalty.

All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in San Jose, California, at the time he filed the petition.  Petitioner filed his 1992 Federal income tax return on February 14, 1995 (the return).  On the return, petitioner deducted $19,781 in unreimbursed employee expenses.[2]

---

[1]  At trial, the parties entered into an oral stipulation of settled issues.  In that stipulation, respondent concedes that $746 of interest which respondent determined to be income to petitioner was not taxable.  Petitioner concedes the following: (1) A $1,493.44 deduction for clothing expenses; (2) a telephone expense deduction of $606.79; (3) a $150 educational expense which petitioner's employer reimbursed him for; and (4) a $15.32 expense incurred at the Santa Anita Firing Range that was inadvertently deducted twice.

[2]  The parties have stipulated that petitioner has substantiated all of his unreimbursed employee expenses.

Petitioner is a senior deputy public defender and has worked as an employee of the Santa Clara County (the county) Public Defender's Office (the public defender's office) since 1981. In October of 1989, petitioner was assigned to work in the juvenile dependency unit of the public defender's office. Sometime during 1992, the dependency unit was physically separated from the public defender's office.

During 1992, petitioner prepared two discretionary writ petitions. Petitioner was the only public defender in his office to file discretionary writ petitions during that year. Petitioner prepared these writ petitions with materials which he purchased from his personal funds.

During 1992, petitioner retained three law students attending Loyola University Law School to help him prepare a master brief in which petitioner argued for the constitutional right to a jury trial in dependency proceedings. Petitioner flew to Los Angeles several times during 1992 to supervise the law students.

Petitioner deducted the actual costs he incurred for the use of three automobiles on his 1992 Federal income tax return. Petitioner used each of the three cars for both business and personal use. The county reimbursed its employees for all required automobile travel at the rate of $0.29 per mile. County employees must submit requests for reimbursement in order to

receive reimbursement for required travel.  Petitioner did not submit requests for reimbursement to the county during 1992 for the expenses he incurred with his use of any of the automobiles.

Petitioner deducted $933.50 in educational expenses on the return.  Other than an expense for the Rutter Group for a writs seminar in the amount of $150, the county did not reimburse petitioner, nor did he request reimbursement.  During 1992, public defenders could receive reimbursement from the county for mandatory continuing legal education from the MCLE Fund in the amount of $150 per year per attorney and for educational training from the Tuition Reimbursement Fund in the amount of $450 per year per attorney.  These funds reimbursed the deputy public defender requesting reimbursement for 100 percent of the costs associated with the training.  Public defenders also were eligible to receive reimbursement from the county for educational training from the Professional Development Fund.  Petitioner's office had $10,000 available for reimbursement from this fund. The Professional Development Fund reimbursed the deputy public defender for 50 percent of the costs associated with training. The county also reimbursed deputy public defenders' travel to training programs.

In 1992, in order to be reimbursed by the county from the MCLE Fund, the Tuition Reimbursement Fund, or the Professional

Development Fund, deputy public defenders had to submit requests for reimbursement, via an office form, to Mr. Grant Armstrong.

On the return, petitioner deducted "other" business expenses. Some, but not all, of the other expenses petitioner deducted were for items such as computer expenses, research materials, candy and flowers for secretaries and clerks, petitioner's home and rented office telephone bills, office stationery, video rental, cable television, magazine and newspaper subscriptions, parking and parking citations, various club dues and expenses, T-shirts, and photographs. Petitioner asserted that it was necessary for him to keep abreast of the local news for his job as a deputy public defender. Petitioner, however, conceded that both cable television and the local newspaper have personal elements of pleasure to them.

The public defender's office provided office supplies, such as pens, paper, legal pads, etc., for its deputy public defenders. The public defender's office maintained a law library for its deputy public defenders. Furthermore, the public defender's office had a research assistant, Barbara Fargo, available to its attorneys. Additionally, there is a county law library near petitioner's office.

During 1992, petitioner purchased computerized research materials and deducted their cost on the return. The county allocates a portion of the Professional Development Fund to

reimburse public defenders who purchase their own computer equipment. Deputy public defenders are entitled to reimbursement for computer equipment up to $500, assuming the cost of the computer exceeds $1,000. County employees, however, must request reimbursement for computer equipment under this policy.

Petitioner deducted costs for telephone expenses for four telephone lines.[3] Petitioner deducted costs associated with a telephone line located in his apartment which he used as a modem line. Petitioner sometimes used his modem as a fax modem. The public defender's office had a fax machine in 1992. Petitioner deducted costs associated with a telephone line located in an office petitioner rented. Petitioner also deducted costs of a telephone line located in petitioner's prior residence.

Petitioner deducted $1,944.08 in meals and entertainment at restaurants located in Santa Clara County. Petitioner did not deduct expenses for any meals with clients. The meals whose costs he deducted were with petitioner's co-workers. Petitioner discussed business and personal matters at these meals. The county reimbursed its employees for all meals associated with county required travel, including educational training. Deputy public defenders must, however, submit requests for reimbursement for such meals to receive reimbursement.

---

[3] Petitioner conceded that he is not entitled to any deductions with respect to one of the telephone lines which was located in his home.

In 1992, petitioner purchased a book on Federal taxation from Prentice Hall for $142 and deducted this expense on the return. Petitioner reviewed the book, which covers deductions and exemptions.

OPINION

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. The performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). An ordinary expense is one that is common and acceptable in the particular business. Welch v. Helvering, 290 U.S. 111, 113-114 (1933). A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). An employee's trade or business is earning his compensation, and generally only those expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60. Deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to the deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Reimbursable Expenses

When an employee has a right to reimbursement for expenditures related to his status as an employee, but fails to

claim such reimbursement, the expenses are not deductible because they are not "necessary"; i.e., it is not necessary for an employee to remain unreimbursed for expenses to the extent he could have been reimbursed.  Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), affg. T.C. Memo. 1984-553; Lucas v. Commissioner, 79 T.C. 1,7 (1982); Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), affd. without published opinion 456 F.2d 1335 (2d Cir. 1972).  Furthermore, the mere failure of an employee to seek reimbursement cannot convert the employer's expenses into the employee's.  Kennelly v. Commissioner, supra. The employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement.  Podems v. Commissioner, 24 T.C. 21, 23 (1955). Moreover, the prohibition of deductions for reimbursable expenses is a "bright line rule" and applies even when the employee is unaware that the expenses are reimbursable.  Orvis v. Commissioner, supra at 1408.

Respondent called Mr. Armstrong to testify as to the public defender's policy regarding reimbursement of expenses.  During 1992, Mr. Armstrong oversaw public defenders' requests for reimbursements.  During 1992, the county reimbursed public defenders for 100 percent of their expenses for educational training up to $600 per year per attorney ($150 from the MCLE Fund and $450 from the Tuition Reimbursement Fund), and 50

percent of their expenses from the Professional Development Fund up to $10,000 among all of the attorneys in petitioner's office. Petitioner claimed $933.50 for educational expenses in 1992, of which $150 was reimbursed by the county. Therefore, it appears that petitioner, if he had requested reimbursement, could have been reimbursed another $616.75 ($450 + 166.75), leaving $166.75 as unreimbursed educational expenses. Educational expenses are considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his employment, or meets the express requirements of an employer, imposed as a condition for the taxpayer's continued employment, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. Personal expenses are not deductible. Sec. 262.

Petitioner's educational expenses were for various legal seminars and training courses. This is the type of education designed to maintain or improve petitioner's skills as a public defender. Petitioner, therefore, is entitled to deduct his educational expenditures to the extent he could not have been reimbursed--$166.75.

The county also reimbursed public defenders for any required travel. Petitioner has failed to show that he requested reimbursement for any of his travel expenses; therefore, we sustain respondent on this issue.

## Required Expenses

In general, a taxpayer may not deduct expenses incurred for the benefit of another. Deputy v. DuPont, 308 U.S. 488, 493 (1940); Noland v. Commissioner, 269 F.2d at 109; Westerman v. Commissioner, 55 T.C. 478, 482 (1970). If, as a condition of employment, an employee is required to incur expenses on behalf of his employer, the employee is entitled to a deduction for those expenses that are ordinary and necessary to his business as an employee to the extent such expenses are not subject to reimbursement. Schmidlapp v. Commissioner, 96 F.2d 680 (2d Cir. 1938); Eder v. Commissioner, T.C. Memo. 1981-408.

Respondent argues that many of the expenses deducted by petitioner do not constitute ordinary and necessary employee business expenses within the meaning of section 162(a) because petitioner, as a deputy public defender, incurred the expenses voluntarily, and the public defender's office did not require him to do so as a condition of his employment. We agree.

Petitioner deducted expenses for office items. The public defender's office supplied attorneys with office supplies. Petitioner, therefore, was not required to purchase his own office supplies, and his desire to have his own supplies, even if they were of better quality than those supplied, does not convert the expense into a deduction.

Respondent determined that petitioner was not entitled to deductions for expenses related to interns petitioner had hired to help him with various legal projects.  Petitioner has shown that by hiring these interns he was able to be a better public defender than if he had not hired them.  Petitioner has not, however, shown that he was required by the public defender's office to hire these interns or that the expense of hiring them was otherwise ordinary and necessary to his employment.[4]

Respondent also determined that petitioner was not entitled to various other expenses such as automobile expenses,[5] meals and entertainment,[6] travel,[7] and other business expenses.[8]  Petitioner has failed to establish that these expenses were ordinary and necessary expenses for his trade or business as an employee with the public defender's office.

---

[4] On cross-examination, petitioner stated "They [the public defender's office] didn't require me to contact these students. * * *  They didn't require me to set up the research project."

[5] Petitioner deducted automobile expenses which included gasoline, DMV renewal, registration fees, repairs, and tires.

[6] Petitioner deducted meals and entertainment expenses which included meals with co-workers to discuss case strategy. Mr. Armstrong testified that such expenses would not have been reimbursable.

[7] Petitioner's travel expenses included luggage which petitioner admitted had elements of personal use.

[8] Petitioner deducted, among other items, expenses for candy, flowers, cable television, computer supplies, books, plaques, an answering machine, telephone bills, and a magazine rack.

Petitioner deducted $142 for a book on Federal taxation. We find that this expense was incurred in connection with petitioner's 1992 income tax and is, therefore, deductible. Sec. 212(3); sec. 1.212-1(l), Income Tax Regs.

To the extent that we have not addressed a specific item which petitioner deducted, we find that petitioner has failed to prove that it was ordinary and necessary within the meaning of section 162.[9] While we recognize that petitioner vigorously advocated on behalf of his clients and that many of his expenses benefited those clients, we do not have the authority to disregard the legislative mandate that only ordinary and necessary expenses be deducted. <u>Alexander v. Commissioner</u>, T.C. Memo. 1995-51, affd. 72 F.3d 938, 946-947 (1st Cir. 1995). Accordingly, we sustain respondent's determination regarding the deductions to the extent discussed above.

<u>Delinquency</u>

---

[9] While we found petitioner generally to be a credible witness, his arguments were of a general nature rather than related to specific deductions. The responsibility for any omissions in the record or in the arguments raised lies with petitioner. Given that petitioner has the burden of proof, such omissions weigh against him. Petitioner had a few hundred itemized deductions. Some of these included video tapes, a battery, a Sony tape player, a magazine rack, a P.D. t-shirt, new parking cards, candy, and flowers. To the extent not addressed within a specified category or individually, petitioner has failed to prove that these expenses are anything but nondeductible personal expenses under sec. 262.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proof to show the addition is improper. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent has determined that petitioner's 1992 Federal income tax return was due, after extension, on August 15, 1993. Petitioner filed his Federal income tax return for 1992 on February 14, 1995.[10] Petitioner's only argument against the delinquency addition is that he felt that he had no taxes owing. We have already found that petitioner did owe tax; therefore, respondent is sustained on this issue.

Negligence

Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to one or more of the items set forth in section 6662(b), including negligence or disregard of rules or regulations. Respondent determined that a portion of the underpayment of petitioner's tax was due to negligence or intentional disregard of rules or

---

[10] Petitioner's Federal income tax return which was submitted at trial is stamped "Feb 14 1995", and this is the date argued in respondent's brief. The date used in the statutory notice of deficiency, however, is Mar. 3, 1995. This discrepancy does not affect the amount of the addition to tax.

regulations.  Sec. 6662(b)(1).  Petitioner bears the burden of proof on the penalty issue.  Rule 142(a); <u>ASAT, Inc. v. Commissioner</u>, 108 T.C. 147, 175 (1997).

The accuracy-related penalty of section 6662 does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion.  Sec. 6664(c)(1).

Petitioner has offered no evidence that he was not negligent in his deductions or that he had reasonable cause for them.  In fact, petitioner's briefs fail to address the negligence issue.  We cannot be sure that petitioner intended to abandon the issue, but in any case we sustain respondent's determination of the applicable penalty with respect to the underpayment for the improper deductions as petitioner has not met his burden of proof on this matter.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.