T.C. Summary Opinion 2021-23

UNITED STATES TAX COURT

LEILA SAEDIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13121-17S.                         Filed July 29, 2021.

<u>Solis Cooperson</u>, for petitioner.

<u>Justine S. Coleman</u> and <u>Jordan S. Musen</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 23, 2017 (notice), respondent determined a $5,911 deficiency in petitioner's 2014 Federal income tax and a $1,182 section 6662(a) accuracy-related penalty.

After concessions,[2] the issue for decision is whether petitioner is entitled to deductions claimed on Schedule A, Itemized Deductions, included with petitioner's 2014 Federal income tax return, for home office expenses, travel-related meals, office supplies, internet and cell phone, medical expenses, and charitable contributions.

---

[1](...continued)
Code of 1986, as amended and in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent concedes that petitioner is entitled to miscellaneous itemized deductions for: (1) tax preparation fees of $300 and (2) State and local tax of $3,906. Petitioner concedes that she is not entitled to miscellaneous itemized deductions for vehicle expenses of $9,617 and meals and entertainment expenses of $2,962. Petitioner also concedes that she received but failed to report: (1) capital gains of $1,630 (the amount respondent now claims) from Oppenheimer & Co., Inc., and (2) dividend income of $607. In a stipulation of settled issues filed July 23, 2021, the parties agree that petitioner is not liable for the sec. 6662(a) penalty.

## Background

Some of the facts have been stipulated and are so found. Petitioner was a resident of California when the petition was filed and at all other times relevant.

During the year in issue petitioner lived in a 1,288-square-foot,[3] two-bedroom apartment; she paid $27,447.76 in rent for the apartment that year.

At all times relevant petitioner was employed as an account executive for Coca-Cola. Coca-Cola did not provide office space for petitioner. Instead, in order to comply with Coca-Cola's teleworking policy[4] available to some of its

_____

[3]This is the size of petitioner's apartment as reported on her 2014 return. The parties proceeded as though this description is accurate, and we follow their lead.

[4]Specifically and in part, Coca-Cola's teleworking policy stated that employees otherwise eligible to telework

> must have a remote office location where he/she can work safely without interruption, distraction, or undo [sic] risk of injury to self or third parties, and with reliable phone and internet access. * * * Employees selected for positions that are designated as "Teleworkers as Condition of Employment" are required to telework and must establish their ability to meet the conditions of Teleworking, including having a remote office location where they can work safely without interruption, distraction, or undo risk of injury to self or third parties, and with reliable phone and internet access.

Furthermore, according to the policy "[i]f an associate is in reasonable proximity to a Coca-Cola * * * facility they can take home basic supplies from the facility--any additional supplies needed should be approved by manager and purchased via

(continued...)

employees, including petitioner, she converted one of the bedrooms in her apartment into an office space and used that space in connection with her employment.

As a Coca-Cola employee, petitioner was required to travel to meet with Coca-Cola customers, and she did so approximately six days a month during the year in issue. Coca-Cola's travel and entertainment policy and procedures provided reimbursement to petitioner "for all reasonable and necessary travel and entertainment expenses in compliance with this policy."

The travel and entertainment policy further provided for reimbursement to Coca-Cola employees for "meal expenses while traveling on Company business", including "for meals purchased during a same day/1 day business trip outside of their normal work city, provided the travel resulted in a longer than normal work day of at least 10 hours."

In accordance with Coca-Cola's travel and entertainment policy, petitioner was entitled to reimbursement for employment-related travel expenses upon the submission of expense reports "within 7 days after incurring expenses", and approval by one of Coca-Cola's "authorized approvers".

---

[4](...continued)
normal company purchasing guidelines."

Coca-Cola's records show that petitioner regularly claimed reimbursement for travel and entertainment expenses and that those claims were paid. Petitioner did not request reimbursement for certain expenses that she was otherwise entitled to, including certain meals and office supplies.

Petitioner regularly attended religious services at St. Bernardine's Church during 2014; she also donated some property to Goodwill. She has no receipts from the donees or canceled checks that show any amounts that she might have contributed or donated.

The medical expenses that petitioner paid during 2014 do not exceed 10% of her adjusted gross income for that year.

Petitioner's timely filed 2014 Federal income tax return was prepared by a paid income tax return preparer. The Schedule A included with the return shows various deductions, including, as relevant here, medical and dental expenses, charitable contributions, and unreimbursed employee business expenses.

The deduction for unreimbursed employee business expenses relates to petitioner's employment with Coca-Cola. Also included with petitioner's return is Form 2106, Employee Business Expenses, that shows the detail of the unreimbursed employee business expense deduction as follows:

| Expense | Amount |
|---|---|
| Vehicle | $9,617 |
| Travel | 228 |
| Business | 13,848 |
| Meals and entertainment | 1,481 |
| Total | 25,174 |

In the notice and as relevant respondent disallowed all the Schedule A deductions claimed on the return. As noted, some of the adjustments made in the notice have been agreed to between the parties or conceded by one or the other of them; other adjustments are computational. Those adjustments will not be discussed.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's Federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5]

_____

[5]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) need be applied here, and we proceed as though they do not.

Schedule A Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377

(1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from his or her employer. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v. Commissioner, T.C. Memo. 1998-80.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Keeping in mind these guiding principles, we turn our attention to the deductions that remain in dispute.

A. Unreimbursed Employee Business Expenses

1. Home Office

We find that petitioner used a portion, namely a bedroom, of her residence as her office and that the office was used exclusively on a regular basis as her principal place of business. See sec. 280A(c)(1)(A) and (B); see also

Commissioner v. Soliman, 506 U.S. 168, 172-173 (1993). That being so, she is entitled to a deduction for the business use of her residence, but not in the amount claimed on the return.

Petitioner claimed a home office expense deduction of $9,328, which is one-third of the total amount that petitioner claims to have paid for rent, utilities, and rental insurance.[6] According to petitioner, 33% of her apartment was used as her office. We are at a loss with respect to how petitioner arrived at that percentage. She was unsure of the dimensions of the bedroom used as her office but roughly estimated it to be 300 square feet. Simple math reduces the percentage to 23%,[7] and from the photographs submitted into evidence, we suspect that the office/bedroom might have been smaller than that.

All things considered, we estimate and find that petitioner used 20% of the apartment for her home office. See Cohan v. Commissioner, 39 F.2d at 544. She is entitled to a home office deduction of $5,634.83, which is 20% of the total expenses, $28,174.13, paid to live in and maintain her apartment during the year in

---

[6]Petitioner has established that she paid $27,447.76 in rent and $726.37 in utilities during 2014. She has not shown that she paid any amount for renters insurance.

[7]Assuming without finding that petitioner's home office was 300 square feet, in an apartment with total square footage of 1,288, the space allocable to the home office is 23%.

issue.  See sec. 280A(c)(1); see also Culp v. Commissioner, T.C. Memo. 1993-270.

### 2.  Travel-Related Meals and Office Supplies

The unreimbursed employee business expense deduction that remains in dispute includes travel-related meals of $3,600 and office supplies of $941. Petitioner did not explain why she did not seek reimbursement for supplies.  At trial she seemed to agree that she could have been reimbursed for the meals but did not seek reimbursement because at the time she misinterpreted Coca-Cola's reimbursement policy.  Nonetheless, Coca-Cola's policies clearly provided reimbursement for "meal expenses while traveling on Company business" and supplies.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.  Accordingly, petitioner is not entitled to a deduction for travel-related meals or office supplies.

### 3.  Internet and Cell Phone

The unreimbursed employee business expense deduction that remains in dispute includes internet and cell phone expenses of $2,305.

Petitioner's records substantiate that the internet and cell phone expenses have been paid.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 90; sec. 1.6001-1(a), Income Tax Regs.  Petitioner testified that her internet was used 85-

90% for business purposes, but she did not distinguish between business and personal use with respect to her cell phone. We consider it reasonable that 75% of petitioner's internet and cell phone use was related to her employment with Coca-Cola, and therefore she is entitled to a $1,728.75 deduction for internet and cell phone expenses. See Cohan v. Commissioner, 39 F.2d at 543-544.

B. Medical and Dental Expenses

Medical expenses which are "not compensated for by insurance or otherwise" are deductible, subject to computational limitations. See sec. 213(a) (for tax years 2013 through 2015, such expenses are deductible to the extent that they exceed 10% of the taxpayer's adjusted gross income).

Petitioner's records establish that she incurred and paid medical expenses during the year in issue. However, the amount substantiated does not exceed 10% of petitioner's adjusted gross income. Accordingly, we sustain respondent's disallowance of her claimed deduction.

C. Charitable Contributions

Petitioner claimed a $1,500 charitable contribution deduction on her 2014 return, consisting of $1,200 in cash contributions and $300 in noncash contributions. According to petitioner, the cash contributions relate to donations made to her church, and the noncash contributions relate to donations of clothes,

shoes, and purses to Goodwill. According to respondent, petitioner is not entitled to a charitable contribution deduction because she failed to substantiate the amounts claimed.

Section 170 allows deductions for contributions made during a taxable year to qualifying organizations. Cash contributions must be substantiated by: (1) canceled checks or (2) receipts from the donee (showing the donee's name and the date and amount of the donation). Sec. 170(f)(17). In general, a gift of property must be substantiated by a receipt from the donee showing the donee's name, the date and location of the contribution, and a description of the property contributed. Sec. 1.170A-13(b)(1), Income Tax Regs.

Petitioner did not provide any documentation to substantiate cash donations made in 2014. Likewise, petitioner did not provide a donation receipt or other documentation from Goodwill substantiating the noncash contributions. Accordingly, she is not entitled to a deduction for cash and noncash charitable contributions for 2014.

To reflect the foregoing,

Decision will be entered under

Rule 155.