# United States Tax Court

T.C. Summary Opinion 2022-9

RAUL ROMANA AND MARIA CORAZON ROMANA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 1156-21S.                           Filed June 16, 2022.

————

*Steven S. Chung*, for petitioners.

*Chae M. Kim* and *Michael E. Washburn*, for respondent.


SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 11, 2020 (notice), respondent determined deficiencies in petitioners' federal income tax and section 6662(a) accuracy-related penalties for 2016, 2017, and 2018.

After concessions, the issues for decision are whether petitioners (1) are entitled to a miscellaneous itemized deduction for unreimbursed

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

employee business expenses for 2017[2] in excess of the amount already allowed by respondent and (2) are liable for a section 6662(a) accuracy-related penalty for any year in issue.

*Background*

Some of the facts have been stipulated and are so found. Petitioners lived in California when the Petition was filed.

During each year in issue Mr. Romana was employed as a stationary engineer; Mrs. Romana was employed as a nurse in a plastic surgery clinic operated by Kaiser Permanente (Kaiser). Both petitioners received most of their formal education in the Philippines although both received additional professional and/or vocational training in the United States after moving to the United States from the Philippines. Neither petitioner had any formal training in accounting or federal income taxation.

Kaiser's dress code in effect at the location where she worked required that Mrs. Romana be dressed in "comfortable" clothes and in a manner that reflected her profession as a nurse. Neither Kaiser nor the collective bargaining agreement for her nursing union had a policy that allowed reimbursement for the expenses she incurred to purchase clothing that satisfied her employer's dress code. While at work, Mrs. Romana wore clothing that resembled scrubs that she purchased at her own expense from local department stores. In the operating room she was required to wear scrubs provided by Kaiser. Routinely, depending upon the operation schedule for any given day, she changed back and forth between her scrublike clothing and the operating room scrubs her employer provided.

During 2017 Mrs. Romana also purchased, at her own expense, a white "lab" coat with "Kaiser Permanente" and her name embroidered on it. The purchase was made as part of a bulk purchase along with similar items purchased by fellow employees. The lab coat cost approximately $45, and it was dry cleaned multiple times during the year. Otherwise, the costs that petitioners paid for Mrs. Romana's work clothing cannot be precisely determined.

---

[2] The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088, amended section 67 by suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

Petitioners' federal income tax return for each year in issue was prepared by a paid income tax return preparer. Petitioners' return preparer, who began preparing federal income tax returns for petitioners around 2003, was hired on the recommendation of petitioners' family and friends. The return preparer assisted petitioners with other financial matters as well. For example, the return preparer advised petitioners to set up an S corporation to manage their rental properties and helped them set up living trusts and living wills.

The Schedule A, Itemized Deductions, included with petitioners' 2017 return shows various deductions, including, as relevant here, unreimbursed employee business expenses relating to Mrs. Romana's employment with Kaiser and Mr. Romana's employment as a stationary engineer. Attached to the Schedule A is a "TY 2017 Unreimbursed Expense Statement" reflecting the detail of the unreimbursed employee business expenses as follows:

| *Unreimbursed Expense* | *Amount* |
|---|---:|
| Union and professional dues | $3,616 |
| Uniforms and protective clothing | 1,915 |
| Dry cleaning/laundry | 399 |
| Seminars | 601 |
| Tools | 250 |
| Telephone | 263 |
| Internet | 1,134 |
| **Total** | **$8,178** |

In the notice and as relevant, respondent allowed the miscellaneous itemized deduction for unreimbursed employee business expenses claimed on petitioners' 2017 Schedule A for union and professional dues and for seminars. Otherwise, respondent disallowed the miscellaneous itemized deduction for unreimbursed employee business expenses claimed for uniforms and protective clothing, dry cleaning and laundry, tools, telephone, and internet. As noted,

respondent also imposed a section 6662(a) accuracy-related penalty for each year in issue.

*Discussion*

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3]

I. *Unreimbursed Employee Business Expenses*

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. *Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from his or her employer. *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973); *Spielbauer v. Commissioner*, T.C. Memo. 1998-80.

---

[3] Petitioners do not claim and the record does not otherwise demonstrate that the provisions of section 7491(a) need be applied here, and we proceed as though they do not.

The deduction for unreimbursed employee business expenses is a miscellaneous itemized deduction. §§ 67(b), 63(d)(1), 62. During the relevant period miscellaneous itemized deductions were allowable only to the extent that the total of such deductions exceeded 2% of adjusted gross income (AGI). § 67(a) and (b). Petitioners' total miscellaneous itemized deductions for 2017, as allowed by respondent in the notice, exceed 2% of their AGI.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

All of the disputed deductions relate to Mrs. Romana's employment with Kaiser or Mr. Romana's employment as a stationary engineer. According to petitioners, they are entitled to unreimbursed employee business expense deductions of $1,526 for clothing, $250 for tools, $263 for telephone, and $1,134 for internet. According to petitioners, each expense qualifies as an ordinary and necessary business expense paid by petitioners but not reimbursable by their employers. *See* § 162(a). According to respondent, petitioners have failed to establish that (1) the expenses were paid or, if paid, (2) the expenses were ordinary and necessary business expenses, and if business related, (3) they were not reimbursable by petitioners' employers.

A.    *Clothing*

On their 2017 return petitioners claimed $1,915 in expenses for "Uniforms and protective clothing" and $399 for "dry cleaning/laundry." Petitioners now assert that they are entitled to deduct $1,526 for those items.

Generally, the cost of a business wardrobe, even if required as a condition of employment, is considered a nondeductible personal expense within the meaning of section 262. *See, e.g.*, *Hynes v. Commissioner*, 74 T.C. 1266, 1290 (1980). Those costs are not deductible even when it has been shown that the particular clothes would not have been purchased but for the employment. *Id.* Clothing costs are

deductible as ordinary and necessary business expenses under section 162 only if (1) the clothing is of a type specifically required as a condition of employment, (2) it is not adaptable to general use as ordinary clothing, and (3) it is not so worn. *See Yeomans v. Commissioner*, 30 T.C. 757, 767 (1958); *see also Deihl v. Commissioner*, T.C. Memo. 2005-287.

Mrs. Romana was required to dress professionally and comfortably for her job as a nurse. To do so, she purchased shirts and pants at department stores. Because the clothing resembled scrubs, we find that the clothing was not adaptable to general use as ordinary clothing outside of her employment. Consequently, the cost of the clothing and the cost to dry clean the clothing are deductible. Mrs. Romana also purchased a white lab coat with "Kaiser Permanente" and her name embroidered on it. This lab coat was not appropriate for general use.

According to Mrs. Romana, the lab coat cost around $45. Petitioners provided only generalized estimates for the costs of the scrublike clothing that Mrs. Romana wore at work and the dry cleaning costs paid to dry clean those items. After a careful review of the evidence, and as best we can estimate from what has been submitted, we find that petitioners are entitled to a $500 deduction for the purchases of the clothing that Mrs. Romana was required to wear as a condition of her employment and the related dry cleaning costs paid with respect to those items. *See Cohan v. Commissioner*, 39 F.2d at 543–44.

B.     *Tools*

Petitioners claimed a deduction of $250 for tools for 2017. They did not offer any evidence that identifies the type of tools, the cost of the tools, or the business use of the tools. Furthermore, there is insufficient evidence that would allow for a deduction based on an estimate. *See Vanicek*, 85 T.C. at 742–43. Accordingly, petitioners are not entitled to a deduction for unreimbursed employee business expenses for tools for 2017.

C.     *Phone and Internet*

Petitioners claimed deductions of $264 for phone expenses and $1,134 for internet expenses. Petitioners did not offer documentary evidence or testimony regarding their business use of the phone and internet, nor did they explain how they arrived at their estimate of business versus personal use. Without such evidence the Court does not

have a reasonable basis to estimate the amounts of the expenses related to business use. *See id.* Accordingly, petitioners are not entitled to a deduction for unreimbursed employee business expenses for phone and internet for 2017.

II.    *Accuracy-Related Penalties*

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for any year in issue. Relying upon various grounds, respondent argues that petitioners are liable for the penalty for each year. *See* § 6662(a)-(d).

Petitioners' paid income tax return preparer prepared petitioners' 2016, 2017, and 2018 returns. Petitioners had retained the same return preparer since approximately 2003 to prepare their returns. Routinely, petitioners met with the return preparer two or three times each year. As was petitioners' practice with respect to their joint federal income tax returns filed for other years, Mrs. Romana assembled petitioners' personal and employment information, tax documents, and source documents underlying the deductions shown on their returns and provided them to the return preparer. Mrs. Romana also provided the return preparer with various financial statements related to their rental properties.

Petitioners' presentation at trial satisfies us that petitioners reasonably relied upon their return preparer to do what they paid their return preparer to do. Neither petitioner had any formal training in accounting or matters of federal income taxation. To the extent that petitioners claimed disallowed deductions that they now concede, we find that these deductions were claimed on the advice of their return preparer and further find that it was not unreasonable for petitioners not to have questioned that advice.

Under the circumstances, we find that petitioners had reasonable cause for the underpayment of tax required to be shown on their return for each year in issue and that they acted in good faith with respect to those underpayments. *See* § 6664(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). Petitioners are not liable for the section 6662(a) accuracy-related penalty for any year in issue.

To reflect the foregoing,

*Decision will be entered under Rule 155.*