# United States Tax Court

T.C. Summary Opinion 2022-16

GEORGE W. BUTTERFIELD AND CHRISTINA L. BUTTERFIELD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 2608-21S.                              Filed August 30, 2022.

————

George W. Butterfield and Christina L. Butterfield, pro se.

*Timothy Duong*, for respondent.

## SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 28, 2020 (notice), respondent determined a deficiency in petitioners' 2017 federal income tax and a section 6662(a) accuracy-related penalty.  Respondent now concedes the section 6662(a) penalty; the issue for decision is whether

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar unless indicated otherwise.

petitioners are entitled to a miscellaneous itemized deduction for unreimbursed employee business expenses.[2]

*Background*

Some of the facts have been stipulated and are so found. Petitioners lived in California when the Petition was filed.

At all times relevant George W. Butterfield (petitioner) was employed as a construction superintendent by MRB General Contracting, Inc. (MRB). His employment required that he travel to various locations in different states to build and/or remodel truck service stations, and he spent 245 nights away from home doing so during 2017. MRB provided petitioner with a company vehicle to travel to and from worksites and a credit card to pay for gas and other vehicle expenses incurred while traveling. Expenses petitioner incurred for hotels and meals while traveling on business were reimbursed by MRB up to $75 per day. During 2017 petitioner was paid a total of $18,375 as travel reimbursements (per diem payments).

Petitioner kept receipts for his traveling expenses in a binder, but the binder was lost when he changed jobs in 2019. Before trial petitioners prepared a summary that shows the many locations where petitioner worked during 2017 and the dates of each trip (travel log). Petitioner's travel log was entered into evidence along with supporting information from bank and debit card statements. The supporting information shows that petitioner paid at least $3,153 for meals and $8,242 for lodging while traveling away from home on business during 2017. The bank records also show that petitioner made $5,982 in cash withdrawals from various locations in the areas where he was working.

Petitioners' 2017 federal income tax return (return) was prepared by a paid income tax return preparer. We cannot tell whether the income reported on the return or on the Form W–2, Wage and Tax Statement, that MRB issued to petitioner includes the per diem payments. Otherwise, as relevant here, petitioners reported the

---

[2] This issue is considered before the application of the 2% of adjusted gross income limitation imposed by section 67(a). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088, amended section 67 by adding subsection (g) suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

following unreimbursed employee business expenses, all related to petitioner's employment:

| Type of Unreimbursed Expense | Amount |
|---|---|
| Travel expenses | $30,250 |
| Meals and entertainment expenses (before application of the 50% limitation imposed by section 274(n)) | 6,828 |
| Uniforms and protective clothing | 1,169 |
| Safety equipment | 1,248 |
| Phone | 820 |
| Tools | 786 |
| **Total** | **$41,101** |

After applying the 50% limitation imposed by section 274(n) on meals and entertainment expenses, petitioners claimed an unreimbursed employee business expense deduction totaling $37,687; respondent disallowed the entire amount in the notice, and that disallowance is here in dispute.

## *Discussion*

I.    *Burden of Proof*

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); *Welch v. Helvering,* 290 U.S. 111, 115 (1933).[3]

---

[3] Petitioners do not claim and the record does not otherwise demonstrate that the provisions of section 7491(a) need be applied here, and we proceed as though they do not.

II.    *Unreimbursed Employee Business Expenses*

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying claimed deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). Generally, the performance of services as an employee constitutes a trade or business. *Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from his or her employer. *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973); *Spielbauer v. Commissioner*, T.C. Memo. 1998-80.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

The Court may not estimate expenses under *Cohan* in situations where section 274 requires specific substantiation. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a). Deductions for expenses attributable to meals and lodging while traveling away from

home, if otherwise allowable, are subject to strict rules of substantiation. *See* § 274(d). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

> A.   *Meals and Lodging Expenses Subject to Section 274(d) Strict Substantiation Requirements*

According to respondent, petitioners have failed properly to substantiate, as required by section 274(d), the deductions claimed for meals and lodging expenses. We agree with respondent, but only in part. Taking into account petitioner's testimony together with his summary and bank and debit card records, we find that petitioners have properly substantiated $3,153 for meals and $8,242 for lodging. *See* Temp. Treas. Reg. § 1.274-5T(c)(3). To the extent that petitioners claim that some or most of the cash withdrawals were also for meals and lodging, we agree with respondent that the requirements of section 274(d) have not been satisfied with respect to those amounts.

Respondent further argues that to the extent that petitioners have properly substantiated expenses for meals and lodging, they have not shown that the totals for these items exceed the amount of the per diem payments petitioner received. Respondent points out that if a taxpayer's business expenses are reimbursed by an employer, then the taxpayer is entitled to a deduction only for the amount of expenses that exceeds the reimbursement. *Daiz v. Commissioner*, T.C. Memo. 2002-192; Temp. Treas. Reg. § 1.274-5T(f)(2)(iii). We agree in principle, but respondent's argument in this regard requires that we focus not so much

on the underlying expenses as on the treatment of the per diem payments.

Under section 62(a)(2)(A), an employee can deduct certain business expenses incurred in connection with the performance of services for an employer under a reimbursement or other expense allowance arrangement. If these expenses are reimbursed by the employer pursuant to an "accountable plan," then the reimbursed amount is not reported as wages on the employee's Form W–2 and is exempt from withholding and payment of employment taxes. Treas. Reg. § 1.62-2(c)(4). A reimbursement arrangement must satisfy certain regulatory requirements to be considered an accountable plan; if the arrangement does not satisfy these requirements, amounts paid under the arrangement will be treated as paid under a "nonaccountable plan." *Id.* subpara. (3). Amounts treated as paid under a nonaccountable plan are included in the employee's gross income, are reported as wages on the employee's Form W–2, and are subject to withholding and payment of employment taxes. *Id.* subpara. (5). Expenses attributable to these amounts may be deducted, provided the employee can substantiate the full amount of his or her expenses. *Id.*

The parties have not addressed whether the per diem payments were made under an accountable or a nonaccountable plan, and otherwise there is conflicting evidence on the point. If the per diem payments were paid under a nonaccountable plan and included in the income shown on petitioners' return, then petitioners are entitled to deductions for meals and lodging to the extent deemed substantiated as discussed above. *See id.* To the extent that the per diem payments were paid under an accountable plan (or were otherwise not included in petitioner's income from MRB), petitioners are not entitled to a deduction for meals and lodging because they have not established that the expenses for those items exceed the amount of the reimbursement. *See Daiz*, T.C. Memo. 2002-192; Temp. Treas. Reg. § 1.274-5T(f)(2)(iii).

We expect that the parties should be able to determine easily whether the per diem payments were or were not included in petitioners' 2017 income, and taking into account the foregoing, the result of the agreement can be reflected in their Rule 155 computations.[4]

---

[4] If the parties cannot agree on the point, we will schedule further proceedings as appropriate to resolve their dispute.

B.     *Other Expenses*

On the "Unreimbursed Expense Statement" included with the Schedule A, Itemized Deductions, attached to their 2017 return, petitioners reported $1,169 for uniforms and protective clothing, $1,248 for safety equipment, $820 for phone expenses, and $786 for tools. Petitioners offered little evidence beyond the bank statements to support their entitlement to deductions for these expenses.

Petitioners did not provide sufficient evidence that the purchase of uniforms and protective clothing, safety equipment, a phone, or tools was a condition of petitioner's employment. To the extent that the bank statements show purchases at hardware stores, neither petitioners nor the statements identify what was purchased. We cannot from the evidence presented reasonably estimate what amount, if any, of these reported expenses was related to business use. *See Vanicek*, 85 T.C. at 742–43. Accordingly, petitioners are not entitled to a deduction for uniforms and protective clothing, safety equipment, phone expenses, or tools.

To reflect the foregoing,

*Decision will be entered under Rule 155.*