# United States Tax Court

T.C. Summary Opinion 2023-31

ANDREW L. HARRELL AND KATHERINE L. HARRELL,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 10182-21S.                    Filed October 30, 2023.

————————

Andrew L. Harrell and Katherine L. Harrell, pro se.

*Hans Famularo*, *Kim-Khanh Nguyen*, and *Sarah C. Nadel*, for respondent.

SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 1, 2021 (notice), respondent determined a deficiency in petitioners' 2017 federal income tax and a section 6662(a) accuracy-related penalty.

—————————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest whole number.

Respondent now concedes the section 6662(a) penalty; the issue for decision is whether petitioners are entitled to a miscellaneous itemized deduction for unreimbursed employee business expenses.[2] When the Petition was filed, petitioners lived in California.

*Background*

At different times during the year in issue Andrew L. Harrell (petitioner) was employed by the following: (1) Goodwill, (2) GPR Logistics, LLC (GPR), and (3) Village Management Services, Inc. (Village). Each employer treated petitioner as an employee and reported his wages on Form W–2, Wage and Tax Statement.

Petitioner was the transportation manager for both Goodwill and GPR. Services he performed for Goodwill and GPR were similar; he managed the distribution of inventory among their stores in California. For Village, petitioner managed the fleet of buses that served a senior citizen residential complex. He was also responsible for managing the maintenance and condition of the roads, clubhouses, and assisted-living facilities in the complex. At various points throughout the year he attended transportation industry expos to investigate vehicle options for each of his employers.

Petitioner's employment responsibilities, particularly for Goodwill and GPR, required frequent travel throughout southern California. He sometimes used petitioners' vehicles for employment-related travel. Petitioner did not keep a logbook or other contemporaneous record of the expenses he incurred while traveling for business. Neither did he keep any record of how much of his use of petitioners' vehicles was employment related and how much was personal.

Petitioners did not provide the employee expense reimbursement policies, if any, of petitioner's employers. It appears, however, that Village sometimes reimbursed petitioner for expenses he incurred on behalf of that company.

---

[2] This issue is considered before the application of the 2% of adjusted gross income limitation imposed by section 67(a). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088, amended section 67 by adding subsection (g) suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

Petitioners' joint 2017 federal income tax return was prepared by a paid income tax return preparer. As relevant, on the return petitioners (1) reported the amounts reported on Forms W–2 issued to petitioner by his employers and (2) claimed a miscellaneous itemized deduction for unreimbursed employee business expenses related to petitioner's employment. The deduction totals approximately 50% of the income shown on the Forms W–2 and includes amounts for vehicle expenses, travel expenses, meals and entertainment expenses, and other business expenses that petitioners claim petitioner paid or incurred in connection with his employment with one or another of his employers.

In the notice respondent disallowed the entire deduction petitioners claimed for unreimbursed employee business expenses because, according to the notice, petitioners "did not establish that the business expense shown on [their] tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to [petitioner's] business."

*Discussion*

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioners do not claim and the record does not otherwise demonstrate that respondent should bear the burden of proof on the issue here in dispute. *See* § 7491(a).

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction

relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a).

Generally, the performance of services as an employee constitutes a trade or business. *Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to deduct those expenses unless entitled to reimbursement from his or her employer. *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973); *Spielbauer v. Commissioner*, T.C. Memo. 1998-80.

As a general rule, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). The record in this case does not allow us to estimate the amount of any expense included in the deduction here in dispute.

*Expenses subject to section 274*

Deductions for certain otherwise deductible expenses, such as travel, meals, entertainment, and vehicle expenses, are subject to strict substantiation requirements. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a). With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the

expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Temp. Treas. Reg. § 1.274-5T(c)(3).

A portion of the unreimbursed employee business expense deduction here in dispute includes amounts for vehicle expenses, travel expenses, and meals and entertainment expenses that petitioner claims to have incurred or paid in connection with his employment with one or more of his employers. To support inclusion of the amounts expended for such purposes petitioners offered (1) bank statements with particular entries highlighted and (2) a contract for the purchase of a pickup truck. As noted, petitioner did not keep a logbook or other record that reflects the use of this truck or other of petitioners' privately owned vehicles for employment related purposes. Petitioners' bank statements show amounts spent at restaurants and for public transportation, but petitioner's generalized testimony with respect to these expenses is not sufficient to satisfy the requirements necessary to allow for deductions for those expenses.

Furthermore, it is unclear whether petitioner's employers reimbursed petitioner for any expenses he incurred on behalf of any of them. Petitioner testified that one of his employers would occasionally reimburse him for purchases he made on behalf of the employer, but he did not provide the reimbursement policies of this employer or any other of his employers.

Because petitioners failed to present sufficient evidence substantiating the deductions claimed for vehicle usage, travel expenses, and meals and entertainment expenses, they are not entitled to deduct any of those expenses.

*Expenses not subject to section 274(d)*

The disallowed deduction also includes amounts for other expenses that petitioners report relate to petitioner's employment for

one or the other of his employers.  At trial petitioner pointed to some charges shown in petitioners' bank statements and claimed that these purchases related to his employment.  According to petitioner, he was not reimbursed for any of these purchases by any of his employers.  Reimbursement aside, petitioners failed to explain how the items purchased related to petitioner's employment.  For example, according to petitioner he purchased clothing for individuals being honored at an event sponsored by Goodwill.  Although a generous gesture, petitioners failed to establish how the purchase was an ordinary and necessary expense related to petitioner's employment with Goodwill.

With respect to deductions claimed for various other expenses, as respondent explained in the notice, petitioners have failed to establish that the expenses were paid or incurred, or if so, how the expenses related to petitioner's employment with any of his employers.  It follows that petitioners are not entitled to deduct these expenses.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioners with respect to the section 6662(a) penalty.*