# United States Tax Court

T.C. Summary Opinion 2022-18

GEORGE C. LUNA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17748-18S.                    Filed September 1, 2022.

————

George C. Luna, pro se.

*Albert B. Brewster II*, for respondent.

## SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated June 7, 2018, respondent determined a deficiency in petitioner's 2015 federal income tax and a section 6662(a) accuracy-related penalty. Respondent now concedes the penalty; the issue for decision is whether petitioner is entitled to miscellaneous itemized deductions for (1) unreimbursed employee

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

business expenses[2] and (2) a tax preparation fee claimed on a Schedule A, Itemized Deductions, included with petitioner's 2015 federal income tax return (return).

*Background*

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner lived in California.

As of the date of trial, petitioner had over 30 years of experience working for, or being associated with, nonprofit organizations. Starting in 2008, and at all times relevant here, petitioner served as the executive director of the Center for Health Justice, Inc. (CHJ). During 2015, CHJ, described by petitioner as a "small" nonprofit organization, offered and provided education services to incarcerated individuals with respect to various health-related topics.

From time to time during 2015, petitioner traveled to various cities—for example, Washington, D.C.—in connection with his position as the executive director of CHJ. It does not appear that petitioner was reimbursed, or entitled to reimbursement, from any organization for the travel expenses incurred for these trips.[3]

Since 1987, petitioner has regularly traveled to Rio de Janeiro, Brazil, once or twice a year. As a result of contacts made serving as a consultant for the Pan American Health Organization, in 2011 he was appointed to the board of directors of E.S.S.E. Mundo Digital (EMD), a Brazilian organization that, according to petitioner, "focused on young people and internet," and he continued to serve as a board member for that organization during the year in issue. As he had in many years before the year in issue, petitioner traveled to Brazil twice in 2015 (May 9 to 24 and November 16 to December 2). During these trips to Brazil

---

[2] This issue is considered before the application of the 2% of adjusted gross income limitation imposed by section 67(a). The Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11045, 131 Stat. 2054, 2088, amended section 67 by adding subsection (g) suspending miscellaneous itemized deductions for any taxable year beginning after December 31, 2017, and before January 1, 2026.

[3] A letter dated March 14, 2014, from CHJ, addressed "To Whom It May Concern," generally advises that petitioner paid out-of-pocket expenses on CHJ's behalf for which he was not entitled to reimbursement. There are no specific expenses, or categories of expenses, referenced in the letter.

petitioner met with other members of EMD's board of directors to plan a future conference that EMD intended to sponsor.

Petitioner did not keep a contemporaneous log or journal in which he recorded his travel-related expenses, but he did retain certain invoices, credit card statements, and receipts related to his trips to Brazil in 2015.

As relevant here, the Schedule A included with petitioner's return shows miscellaneous itemized deductions of (1) $36,034 for unreimbursed employee business expenses and (2) $225 for tax preparation fees.

The tax preparation fees apparently represent the cost of income tax return preparation software. The deduction for unreimbursed employee business expenses relates to petitioner's employment with CHJ. The details of that deduction are shown on a Form 2106, Employee Business Expenses, as follows:

| Expense | Amount |
|---|---|
| Parking fees, tolls, and transportation | $1,650 |
| Travel expenses while away from home overnight | 23,200 |
| Business expenses, excluding meals and entertainment | 10,084 |
| Meals and entertainment | 1,100 |

Most of the above-listed expenses relate to the trips that petitioner took to Brazil during 2015. Respondent disallowed the full amounts of the above-referenced miscellaneous itemized deductions claimed on the return.

## Discussion

### I. Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the

determination is erroneous.  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4]

II.   *Petitioner's Claimed Deductions*

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.  Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).   This burden requires the taxpayer to substantiate expenses underlying deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965).   A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.   § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004).   To be ordinary an expense must be of a common or frequent occurrence in the type of business involved.  *Deputy v. du Pont*, 308 U.S. 488, 495 (1940).   To be necessary an expense must be appropriate and helpful to the taxpayer's business. *Welch v. Helvering*, 290 U.S. at 113.

Generally, the performance of services as an employee constitutes a trade or business.  *Primuth v. Commissioner*, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur certain expenses, then the employee is entitled to a deduction for those expenses unless entitled to reimbursement from his or her employer.  *See Fountain v. Commissioner*, 59 T.C. 696, 708 (1973); *Spielbauer v. Commissioner*, T.C. Memo. 1998-80.  An employee business expense is not "ordinary and necessary" if the employee is entitled to reimbursement from his or her employer but fails to seek

---

[4] Petitioner does not claim and the record does not otherwise demonstrate that the provisions of section 7491(a) need be applied here, and we proceed as though they do not.

reimbursement.  *See Podems v. Commissioner*, 24 T.C. 21, 22–23 (1955); *Noz v. Commissioner*, T.C. Memo. 2012-272.

Deductions for expenses attributable to travel ("including meals and lodging while away from home"), entertainment, gifts, and the use of "listed property" (as defined in section 280F(d)(4) and including passenger automobiles), if otherwise allowable, are subject to strict rules of substantiation.  *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a).  With respect to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred.  For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property.  *See* Temp. Treas. Reg. § 1.274-5T(b)(6)(i)(B).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures.  Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(c)(2).  Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements.  Temp. Treas. Reg. § 1.274-5T(c)(3).

Keeping in mind these guiding principles, we turn our attention to the deductions in dispute.

A.    *Unreimbursed Employee Business Expenses*

Petitioner claimed a $36,034 deduction for unreimbursed employee business expenses.  According to respondent, petitioner not only failed to substantiate the amounts of the expenses, but also failed to establish that the expenses were ordinary and necessary in connection with his trade or business as an employee of CHJ.  According to petitioner, as the executive director of CHJ, he was expected to incur the travel expenses that underlie the deduction here in dispute, which were typical for an executive director of a nonprofit organization.

Petitioner claims that these expenses, although not reimbursable by CHJ, were incurred to benefit CHJ in numerous ways although petitioner did not refer to any specific benefit. As petitioner sees the matter, the contacts he makes, or has made, from his various travels and professional associations serve to advance the interests of CHJ. According to petitioner, "it helps [CHJ]. There's no question about it." As we see the matter, there are some questions about it.

We focus first on the trips petitioner took to Brazil. We find that the evidence petitioner presented satisfies the substantiation requirements of the relevant portions of section 274 and its regulation, *see* Temp. Treas. Reg. § 1.274-5T(c)(3); but petitioner has failed to demonstrate how the expenses for those trips were "ordinary and necessary" to his employment with CHJ. Petitioner acknowledged that the trips to Brazil were made to plan for a conference to be held not by CHJ, but by a different organization on whose board of directors he served. The connection between petitioner's employment with CHJ and the trips to Brazil is further blurred by his practice of having regularly traveled there long before his employment with CHJ began.

Without sufficient evidence (1) showing the connection between the trips and the trade or business of CHJ or (2) demonstrating how the trips were "helpful" to petitioner's position as the executive director of CHJ, *see Welch v. Helvering*, 290 U.S. at 113, petitioner has failed to establish that the expenses he incurred in traveling to Brazil were ordinary and necessary in connection with his employment as the executive director of CHJ. That being so, he is not entitled to a deduction for those expenses.

Further expenses that petitioner might have incurred for business-related travel to other places, if otherwise ordinary and necessary for an employee of CHJ, have not been substantiated to the extent required by section 274. That being so, petitioner is not entitled to a deduction for those expenses.

It follows and we find that so much of respondent's disallowance of the miscellaneous itemized deduction for unreimbursed employee business expenses is sustained.

B.    *Tax Preparation Fees*

Section 212(3) allows a deduction for costs incurred in the preparation of a tax return. *Hughes v. Commissioner*, T.C. Memo. 2008-249. Petitioner claimed a $225 deduction for tax return preparation

fees. We note that one of petitioner's credit card statements shows that petitioner paid $94.98 for a tax return preparation software program, and petitioner has not explained whatever additional items might account for the difference between that amount and the amount of the deduction. We need not concern ourselves with such precision, however, and make no finding on the point. Even if petitioner were allowed to claim the entire amount, after taking into account the disallowances of the other miscellaneous itemized deductions here in dispute, the amount allowed for return preparation fees could not result in a deduction because the amount would not exceed 2% of petitioner's adjusted gross income. *See* § 67(a).

To reflect the foregoing,

*Decision will be entered under Rule 155.*